BUILDING & LOAN ASSOCIATION OF DAKOTA V. R. GUILLEMET ET AL.

Delivered March 31, 1897.

**1. Homestead—Mortgage—Declarations Denying Homestead Right.**
No declaration by a husband and wife, or either, that premises actually occupied by them are not their homestead will make a trust deed to secure money borrowed by them valid, where it is in fact their homestead.

**2. Same—Abandonment—Living Upon Rented Premises Temporarily.**
One does not forfeit his right to an established homestead, the use of which has been temporarily abandoned, by merely living on rented premises.

APPEAL from Dallas. Tried below before Hon. EDWARD GRAY.

*Starling & Irish,* for appellant.—1. The husband, acting in good faith, may select the homestead of the family, and if the wife moves off the homestead or to a new homestead with him, and without objection, regardless of her intention to return, she must be held to have abandoned with her husband. Slavin v. Wheeler, 61 Texas, 655; Marler v. Handy, 31 S. W. Rep., 637.

2. Where a family is living upon rented property, and the husband is building a new home, preparing to move into and occupy the same, and to secure funds to prosecute his plans borrows money on the homestead just vacated, the written declarations of himself and wife that the new, and not the old, home place constitutes their homestead, will control and determine their homestead rights. Kempner v. Comer, 73 Texas, 196; Mortgage Co. v. Norton, 71 Texas, 683; Moerlein v. Mortgage Co., 29 S. W. Rep., 162, 948.

*McLaurin & Wozencraft* and *Chas. A. Rasbury,* for appellees.—1. The force of the constitutional inhibition forbidding the fixing of liens on homesteads, other than those expressly permitted, would become inoperative if courts permitted the declarations of the husband and wife to the effect that the place they occupied was not their homestead, when in truth and fact, the land sought to be mortgaged was in actual, open and exclusive use and possession of the family at the time of the making

of such declarations. Texas Land & Loan Co. v. Blalock, 76 Texas,. 87, and cases cited; Kempner v. Comer, 73 Texas, 202.

2. Appellees were not estopped from asserting homestead rights in the mortgage property by reason of declarations in the deed of trust, because appellant, under the undisputed testimony, had notice of the homestead right. Moerlein v. Mortgage Co., 29 S. W, Rep., 162; Mortgage Co. v. Norton, 71 Texas, 683; Kempner v. Comer, 73 Texas, 196.

NEILL, Associate Justice.—The statement of the nature and result of this suit set out in appellant's brief is assented to by appellees and adopted by this court. It is as follows:

"Appellant, Building & Loan Association of Dakota, brought this action against Roslie Guillemet, individually, and as administratrix, in the Forty-fourth Judicial District, in Dallas County, to foreclose a certain trust deed lien on farm lands in said county. Plaintiff's petition alleged that Roslie Guillemet, the defendant herein, is the surviving wife of Amand Guillemet, deceased, and that she. had been duly appointed executrix of her deceased husband's estate; that on February 1, 1891, Amand Guillemet made a loan of this plaintiff and as security therefor he, together with his wife, on February 23, 1891, executed and acknowledged in statutory form a deed of trust on certain lands in Dallas County, Texas, which contained covenants that such land was not their homestead, that they had other property in which reposed their homestead rights; that said Guillemet and wife executed and recorded a disclaimer of any homestead rights in said property, and designated other Texas property, upon which they represented that they were then living, as their homestead. Such deed of trust was duly filed and recorded in the record of mortgages of Dallas County, Texas. Plaintiff alleged default and claimed that there was due and payable thereon the sum of $600 and interest, a claim for such amount having been duly presented to Roslie Guillemet, as administratrix, and payment refused. Appellant prayed judgment for debt, interest, costs of action, foreclosure of trust deed lien, and general relief. Defendant answered with general denial, general exceptions, and pleaded homestead rights and usury."

The case was tried before a jury, and resulted in a verdict and judgment in appellant's favor for $355.20,. but denied a foreclosure of the lein claimed on the premises by virtue of the deed of trust. From this judgment the Building & Loan Association has appealed.

*Conclusions of Fact.*—Amand and Roslie Guillemet, husband and wife, executed and delivered to appellant their bond for $600, secured by a deed of trust on the land in controversy, on February 23, 1891. Amand Guillemet died in August, 1892, and Roslie was duly appointed administratrix of his estate by the County Court of Dallas County. There was a default in a payment on said bond, whereby it became due, and it was presented to Roslie Guillemet, as administratrix, for allow-

ance as a claim against her husband's estate, and was by her rejected. There was due on this bond $355.20, the amount recovered by the judgment.

The deed of trust to secure the bond contained the following cove-- nant: "And whereas, the said parties of the first part [Amand and Roslie Guillemet] do hereby covenant with the party of the third part [Building & Loan Association of Dakota] that the herein described property is not their homestead, nor claimed, used or enjoyed by them as such, and that they have other property which they enjoy, occupy and claim as such."

The debt evidenced by the bond was for money loaned.

The application for the loan, subscribed and sworn to by Amand Guillemet, was made in writing, of date February 2, 1891, and contained the following statement: "The said property is not my homestead, nor claimed, used, occupied or enjoyed by me as such, but I have other property situated in Oak Cliff, which I occupy, use, enjoy, and claim as my homestead described as follows, to-wit: Will fully describe in my designation of homestead, which will go of record."

Said application also contains the following questions and answers: "For what purpose do you wish to procure this loan? To improve my homestead. Who occupies the premises now? R. W. Baggs. In whom is the title to the property vested? Amand Guillemet. If rented, what do the premises rent for? $40 cash, and one-third of the crop. Have you ever lived on the land? Yes. If so, when? 1885 to 1888. What is your age and occupation? Watchmaker and jeweler; age 32. What is your post office address? Dallas, 820 Elm, State of Texas, County of Dallas."

On the 23rd day of February, 1891, Amand and Roslie Guillemet acknowledged and filed their designation of property in West Dallas or Oak Cliff as their homestead. This designation bore the same date as the application for the loan.

In September, 1890, Guillemet bought the property mentioned in the designation, and in the spring of 1891 built a house on it and moved in with his family. They lived there until Guillemet died, in August, 1892, and in October of the same year his wife, Roslie, with her children, removed to their farm, the property in controversy, which the evidence shows without contradiction had been occupied by Amand Guillemet and his family as their homestead continuously from 1885 to 1890.

So far, there is no dispute as to the facts. There are, however, two questions of fact upon which the evidence is contradictory. They are: (1) Whether on February 23, 1891, the time of making the loan, the Guillemets were living on the farm in controversy or had one year prior thereto lived on rented property in Dallas; and (2) whether Guillemet intended to return to the farm and continue it as his homestead. From their verdict, construed in connection with the charge of the court, the

jury must have given an affirmative answer to at least one, if not both, of these questions.

We believe that the evidence was sufficient to warrant the jury in so determining both. The testimony of the appellee, which is corroborated by other witnesses, is positive that the land in controversy was actually occupied by Amand Guillemet and his family as their home, and claimed by them as their homestead, when the money was loaned and the bond and mortgage sued on were executed, and that Crysler, the agent of and representing appellant in negotiating the loan and taking the bond and mortgage to secure it, knew that they were living on the farm when the mortgage was given. It is significant that Crysler, who of all others could have best contradicted this testimony, if it was untrue, was not called as a witness for appellant, nor does any reason appear in the record why he was not placed upon the witness stand. The testimony of appellee is equally positive that Guillemet left the farm, after the mortgage was executed, in ill health, and went to Dallas for medical treatment, with the intention of returning to his home when his health should be so restored as to permit him to resume his vocation as a farmer. We, therefore, in deference to the verdict, find both these controverted questions of fact in favor of the appellees.

*Conclusions of Law.*—The trial court instructed the jury as follows:

"1. You will find for the plaintiff the sum of $355.20, and for foreclosure of lien on the stock held by A. Guillemet in the plaintiff company.

"2. The plaintiff is also entitled to a foreclosure upon the land described in its petition, unless such land was the homestead of A. Guillemet and his family at the time the same was mortgaged to plaintiff. The undisputed evidence shows that at one time, prior to the execution by Guillemet and wife of the mortgage to plaintiff, said land was the homestead of said Guillemet and his family; now if you find and believe from the evidence that said Guillemet and his family were occupying said farm as their homestead at the time of the execution of the mortgage to plaintiff, then and in such event you will find for defendant as to lien on the land.

"3. If you find and believe from the evidence that, at the time the mortgage on the land in question was executed, the said Guillemet and family did not then reside upon said land, but had removed to Dallas and rented such land to another, then you must decide whether such removal was permanent or only temporary. If Guillemet and wife left such land with the intention of finally abandoning the same as their homestead, then you will find for plaintiff for foreclosure on said land; but if you find that Guillemet and wife left said land and rented the same only temporarily, and then intended to again return to the same and occupy it as their homestead, then and in such event you will find for defendant on the question of lien on the land.

"4. You are the exclusive judges of the weight of the evidence and

the credibility of the witnesses, and will look to this charge for the law of the case."

For convenience we have numbered the paragraphs.

Our Constitution provides that, "No mortgage, trust deed or other lien on the homestead shall ever be valid, except for the purchase money therefor, or improvements made thereon, as hereinbefore provided, whether such mortgage, or trust deed, or other lien, shall have been created by the husband alone or together with his wife."

This constitutional inhibition cannot be evaded by declarations of the husband and wife, or either of them, however solemnly or for what purpose made, to the effect that premises actually occupied by them is not their home, when in every essential element constituting it the homestead of the declarant is manifestly in existence.   Texas Land & Loan Co. v. Blalock, 76 Texas, 89.   It is upon this principle that the second paragraph of the charge was given and sustained.

The first sentence of the third paragraph is assigned as error.   No vice in it is indicated by the assignment, nor are we able to detect any. But, on the contrary, we think it presents for the decision of the jury a question which the pleadings and evidence require them to determine. The remaining sentence of the paragraph is complained of as error in a separate assignment.   Nor does it point out any error.   Under it, however, are asserted the following propositions:

(1)  "The husband, acting in good faith, may select the homestead of the family, and if the wife moves off the homestead or to a new homestead with him, and without objection, regardless of her intention to return, she must be held to have abandoned it with her husband."

(2)  "The husband's intention to abandon a homestead is itself sufficient, regardless of a concurrence of a similar intention on the part of the wife."

(3)  "When there is evidence that the husband, when removing from the homestead, intended to abandon it, and there is also evidence that the wife had a different intention, the intention of the husband is sufficient to abandon the homestead."

Assignments of error should distinctly specify the grounds upon which the appellant relies for a reversal; and then, in briefing a case, each point under the assignment should be stated in the shape of a proposition.   Rule 30.   Where no ground of error is distinctly specified in the assignment, it is with difficulty that a point under it is so stated that it may be seen as one raised by the assignment.

The three propositions just quoted may be, and we think they are, sound in law; but we are unable to see that either is in conflict with the portion of the charge assigned as error.   No inference can be drawn from the charge that the husband, acting in good faith, may not select the homestead of the family and bind his wife by such election; nor is the charge inconsistent with the principle that it is not necessary for the wife to concur with her husband in his intention to abandon their homestead; nor with the proposition that when the husband moves

from the homestead with the intention to abandon it as such, a different intention of the wife will not preserve the homestead. Therefore, there being no error pointed out by the assignment, and there being no repugnancy between the propositions asserted under it and the principle asserted in the charge, we do not think the assignment should require further consideration.

However, there is nothing in the record that indicates any contrariety of intention between Guillemet and his wife in reference to the land in controversy. There is evidence to show that, when the husband left the homestead, he expressed his intention to return to it when his health should be restored. The declarations made by him when the loan was effected were concurred in by the wife, and we have seen that they cannot be taken to defeat the constitutional provision before quoted, if they were occupying the premises as a homestead at the time.

It is also complained that the court erred in refusing the following special charge asked by appellant: "If you find that the family of the deceased was living upon rented property in the City of Dallas on February 23, 1891, the time of the execution of the deed of trust sued on, then such deed of trust constitutes a valid lien upon the premises in controversy regardless of the homestead right claimed or asserted in this suit."

It has never been held in this State that merely living on rented premises forfeits one's right to an established homestead the use of which has been temporarily abandoned, and we apprehend it never will be. It has been held that, "where property is claimed as a homestead which has never been used as such, although it may have been the intention of the owners to make it their home, and though they may have evidenced such intention by preparation to occupy it, their right to it as a homestead upon the renunciation of their claim, though made by declarations, ceases as to and cannot be asserted against one who, under the belief of the truth of such declarations of renunciation, has been induced to lend money on the security of such property." Harmson v. Wesche, 32 S. W. Rep., 193; Kempner v. Comer, 73 Texas, 196; Jacobs v. Hawkins, 63 Texas, 3; Haswell v. Forbes, 27 S. W. Rep., 566.

It has also been held in cases where premises were formerly used as a homestead, but such use had been abandoned, and the owners lived on rented premises or outside the State, that the husband and wife could not assert their homestead claim thereon against one who was induced by their declarations that it was not a homestead to believe the truth of such statements, and who, relying upon and believing the representations to be true, and in ignorance of the homestead character of the premises, loaned money upon the faith of such representations, and took a lien on the property to secure its payment. Moerlein v. Mortgage Co. 29 S. W. Rep., 162; Equitable Mortgage Co. v. Norton, 71 Texas, 683.

These holdings are, however, essentially different from the principle involved in the requested charge, in that they embody the principle that

the one lending the money must have been ignorant of the fact that the property was a homestead, and have been induced by the declarations of its owners to believe that it was not a homestead, and acting upon such belief loaned the money on the faith of the validity of a lien taken upon the premises for its security; while no such principle is contained in the charge asked. The charge of the court was good as far as it went, and if appellant wished the jury to be further instructed in the law, it should in the special charges asked have stated the principles of law applicable to the case correctly.

There is no error in the judgment appealed from, and it is affirmed.

Writ of error refused. *Affirmed.*