## N. R. Rutherford et al. v. J. D. Cox.

Decided March 27, 1901.

Homestead—Occupancy—Intention.

When the homestead of a family is exchanged for an improved farm intended to be occupied as a home, their homestead rights attach thereto as against an execution creditor, before any actual occupancy.

Appeal from Collin. Tried below before Hon. J. E. Dillard.

*F. E. Wilcox* and *G. R. Smith,* for appellants.

*Abernathy & Beverly,* for appellee.

FISHER, Chief Justice.—This was an injunction suit brought by appellee, J. D. Cox, seeking to restrain appellant and J. W. Pafford, sheriff of Collin County, Texas, from selling under execution a tract of 51 3-5 acres of land in Collin County, Texas, levied on by virtue of an execution for $403.48, issued from the County Court of Collin County in favor of N. R. Rutherford, against J. D. Cox. Appellee claimed said land as his homestead.

Ulsey Cox, wife of appellee, intervened and claimed said land as her separate property, and that the same was the homestead of herself and husband.

Trial before a jury, and the verdict for the appellee, J. D. Cox, and judgment entered enjoining perpetually the sale of said tract of land, and judgment in favor of appellees (plaintiff and intervener) for all costs of suit.

The only question of fact we deem it necessary to make any finding upon is the issue of homestead. We find that the property in controversy was the homestead of J. D. Cox and wife at the time that the levy of the execution was made. The property in controversy was a farm for which Cox and wife traded their home in McKinney in the fall of 1898. At the time of the trade they acquired the property in controversy intending to use it as their homestead, and such intention was never abandoned.

These facts bring the case within the rule announced by this court in the case of Evans v. Daniel, ante, p. —, 60 Southwestern Reporter, 1012.

We have carefully considered all of the assignments of errors, and are of the opinion that none of them are well taken; therefore the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.