BLACKWELL v. VAUGHN et ux.    (No. 8160.)

(Court of Civil Appeals of Texas. Ft. Worth. April 17, 1915.)

1. APPEAL AND ERROR ⬤⟹754— QUESTIONS REVIEWABLE—SUFFICIENCY OF EVIDENCE TO SUSTAIN JUDGMENT.

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 1986, 1990, providing that a special verdict shall be conclusive as to the facts found, and requiring the court to render judgment thereon, unless the same is set aside and a new trial granted, a party cannot complain of a judgment conforming to a special verdict on the ground of the insufficiency of the evidence to support the verdict, where he did not assign error to the refusal of the court to set aside the special verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3086–3089; Dec. Dig. ⬤⟹ 754.]

2. HOMESTEAD ⬤⟹162—ACTUAL OCCUPANCY— NECESSITY.

Where a divorced woman occupied as a home property set apart to her as a homestead in the divorce decree, and then married a man who intended to make the homestead the common homestead, actual occupancy was not essential to maintain the homestead right, in the absence of any other homestead or other property owned by them.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 315–319; Dec. Dig. ⬤⟹162.]

Appeal from District Court, Jones County; John B. Thomas, Judge.

Action by F. M. Vaughn and wife against

R. J. Blackwell. From a judgment for plaintiffs, defendant appeals. Affirmed.

J. W. Boynton, of Anson, for appellant. Mahaffey & Fulwiler, of Abilene, Brooks & Brooks, of Anson, and Ocie Speer, of Ft. Worth, for appellees.

CONNER, C. J. This is a suit instituted by F. M. Vaughn, joined by his wife, to recover possession of lots 4, 5, and 6, block 42, in the town of Hawley, Jones county, Tex., claimed by them as a homestead, and from which it was alleged they had been ejected by the defendant R. J. Blackwell. The defendant claimed under an execution sale and sheriff's deed by virtue of a judgment that had been rendered against Mrs. Vaughn. The case was submitted to a jury upon special issues, and upon the return of the answers judgment was entered for the plaintiffs, and the defendant has appealed.·

The undisputed proof shows that at and prior to the time of the marriage of F. M. Vaughn and his wife, to wit, on March 3, 1913, she, together with several children, had occupied the premises in controversy as her home; it having been set apart to her as a homestead in a decree of divorce rendered between Mrs. Vaughn and a former husband. The jury, in answer to the special issues submitted, found that F. M. Vaughn, from the time of his marriage up until the 9th day of July, 1913 (when the levy was made under, which defendant claims), had the intention of occupying the premises sued for as a homestead. They further found to the effect that, immediately after their marriage, F. M. Vaughn and his wife actually occupied the premises about 14 hours; that neither F. M. Vaughn nor his wife ever at any time abandoned their intention to make the property their home; that F. M. Vaughn never owned, bought, or purchased any other place as a home to live. It is therefore clear under the undisputed proof recited and the findings of the jury, if they are to be maintained, that the judgment below must be supported, notwithstanding the fact of the temporary absence of F. M. Vaughn and his wife (during which appellant caused his levy) following the 14 hours occupancy stated. Foreman v. Meroney, 62 Tex. 723; Aultman v. Allen, 12 Tex. Civ. App. 227, 33 S. W. 679; Parr v. Newby, 73 Tex. 468, 11 S. W. 490; B. & L. Ass'n v. Guillemet, 15 Tex. Civ. App. 649, 40 S. W. 225.

[1] But appellant insists by his first assignment of error that:

"The judgment of the court is erroneous because the evidence in the case conclusively shows that at the time of the levy of the execution in favor of defendant on July 9, 1913, upon the property sued for by plaintiffs, same was not and had not been prior thereto the homestead of the family of which F. M. Vaughn, one of the plaintiffs herein, was the head."

Under this assignment all of the testimony in the case is presented which, it is contended, supports the proposition embodied in the assignment quoted. But, if it be admitted that the evidence must be given the effect insisted upon, the assignment nevertheless must be overruled, for the reason that appellant made no motion below to set aside the findings of the jury, nor do we find any assignment attacking any one or more of the findings because of a want of evidence. The statute provides that a jury may be required to render a general or special verdict, and declares that a special verdict "shall, as between the parties, be conclusive as to the facts found." See Vernon's Sayles' Tex. Civ. Stat. art. 1986. The statute further provides that:

"In all cases where a special verdict of the jury is rendered, or the conclusions of fact found by the judge are separately stated, the court shall, unless the same be set aside and a new trial granted, render judgment thereon." Vernon's Sayles' Tex. Civ. Stat. art. 1990.

In construing these provisions of the statute, our Supreme Court in the case of Waller v. Liles, 96 Tex. 21, 70 S. W. 17, after reviewing the previous case of Ablowich v. Bank, 95 Tex. 429, 67 S. W. 79, says:

"That the findings of the jury upon the issues made by the pleadings in a case, although against the undisputed evidence or without evidence to support them, cannot be disregarded, but must constitute the only basis upon which any proper judgment can be rendered."

In the case of Scott v. F. & M. Nat. Bank, 66 S. W. 485, by the Court of Civil Appeals for the Third District, it was held, upon reasoning and authorities which we approve, that, where a party on appeal fails to assign error to the action of the court in refusing to set aside a special verdict, he cannot complain of the judgment on the ground that the findings are unsupported by the evidence. Appellant's first assignment is accordingly overruled.

[2] In the only remaining assignment of error appellant complains of the court in not sustaining his motion for a new trial on the ground of newly discovered evidence. In support of this ground of his motion, he presented the affidavits of H. R. Wood, S. M. Landress, and W. W. Wood, setting forth circumstances which merely tended to show that appellee and his wife did not, as they testified, occupy their homestead immediately after their marriage. Possibly this ground of the motion for new trial, though not so designated, might be construed as at least an indirect attack upon the finding of the jury that F. M. Vaughn and his wife had occupied the premises in question 14 hours; but, if so, at least a majority of us, not only think the circumstances tendered too inconclusive to overturn the finding, but also that the finding itself, in view of other findings and the undisputed evidence, is immaterial. If in fact F. M. Vaughn and his wife had no other homestead, owned no other property, and if, at the time of their marriage, it was their purpose and intention to occupy the premises

in controversy as their home, and no abandonment of purpose existed, they would be entitled to the homestead exemption, regardless of an actual occupancy prior to appellant's levy. In the case before us it is undisputed that the property in question had become impressed with and actually occupied as a homestead by Mrs. Vaughn before her marriage with F. M. Vaughn, she then having her household effects in the house; and it does not appear that any improvement or other thing was necessary to be done in order to make the home habitable; and conceding that F. M. Vaughn, the husband, had the right to designate the homestead, and that he theretofore had none, or that he occupied rented premises, as shown, at another place, he had upon the marriage formed, as he had the lawful right to do, the purpose, as found by the jury, to make his wife's former homestead the common homestead of both. Under such circumstances, we do not think actual occupancy was indispensable. Such circumstances distinguish the case from those requiring an existing bona fide intention to dedicate property as a homestead, coupled with such acts of preparation as would amount to notice of the dedication. These rulings have been made in cases where there had been no previous occupancy of the land as a homestead, and in order to prevent an assertion of the homestead right from being converted into an instrument of fraud. See Franklin v. Coffee, 18 Tex. 417, 70 Am. Dec. 292; Barnes v. White, 53 Tex. 631; Brooks v. Chatham, 57 Tex. 33. The case of Hardin v. Neal et ux., 32 Tex. Civ. App. 335, 74 S. W. 334, was one in which Neal and wife, owning no homestead, acquired an improved home with the purpose of making it a resident homestead. It was several months, however, before they were enabled to actually occupy the premises, but it was held that the homestead right asserted under the circumstances was superior to the levy of an attachment made in the meantime. See, also, to the same effect, Evans v. Daniel, 25 Tex. Civ. App. 362, 60 S. W. 1012; Rutherford v. Cox, 25 Tex. Civ. App. 499, 61 S. W. 527; Davidson v. Jefferson, 68 S. W. 822; Gardner v. Douglass, 64 Tex. 76.

We conclude that all assignments of error must be overruled, and the judgment affirmed.