## NORTHERN TEXAS TRACTION CO. v. SOUTHERN SURETY CO. et al.
### (No. 6924.)

(Court of Civil Appeals of Texas. San Antonio. April 4, 1923. Rehearing Denied April 25, 1923.)

**1. Appeal and error ⬌754(1)—No complaint can be made of judgment in absence of assignment of error.**

When it appears no errors are assigned to the action of the court in refusing to set aside a special verdict, appellant cannot complain of the judgment on the ground that the findings are not supported by the evidence, under Rev. St. arts. 1986–1990.

**2. Appeal and error ⬌1001(1)—Verdict supported by evidence not disturbed.**

A jury's verdict cannot be disturbed on appeal when it is supported, however slightly, with material testimony, in the absence of some other and better reason.

**3. Negligence ⬌83—Discovered peril doctrine stated.**

The ground upon which a plaintiff may recover, notwithstanding his own negligence, is that the defendant, after becoming aware of the danger to which the plaintiff was exposed, failed to use a proper degree of care to avoid injury, but the defendant's knowledge must have been actual and he must have been aware of plaintiff's unconsciousness of, or inability to avert, the peril.

Appeal from Tarrant County Court; W. P. Walker, Judge.

Suit by the Southern Surety Company and another against the Northern Texas Traction Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Capps, Cantey, Hanger & Short, of Fort Worth, for appellant.

Thompson, Barwise, Wharton & Hiner, Phillips, Ammerman & Hurley, and Gordon Gibson, all of Fort Worth, for appellees.

COBBS, J. Suit was instituted by appellee to recover damages against appellant alleged to have been sustained to a certain Buick automobile belonging to Charles T. Rowland being insured in the appellee company.

The automobile was parked at the time it was damaged in front of Turner & Dingee Grocery Store just south of Fourth street on Houston street. The damage was caused by a truck of the Binyon O'Keefe Fireproof Storage Company, while operating in a southerly direction along and upon Houston street, which was struck by appellant's car while operating on its car line on said street going in the same direction, by striking the automobile truck and knocking and driving it with great force against the Buick automobile of Rowland while standing parked on the street causing the damage.

The case was tried with a jury upon special issues, and their answers were favorable to appellee, and a judgment was therefore entered against appellant for the sum of $233.

The parties filed the following agreement:

"1. That the plaintiff Southern Surety Company agrees that the Buick touring car of Charles T. Rowland, prior to and at the time of the accident and collision complained of, did not have the rear wheel within eighteen inches of the curb line as required by the city ordinances of the city of Fort Worth, and by reason of such failure, that the said Charles T. Rowland was guilty of negligence."

At the conclusion of the testimony appellant made a motion for an instructed verdict, which was overruled.

The court submitted the case to the jury upon numerous special issues, covering every possible phase of the case, and we here at once say, after a careful reading of the pleadings and the testimony, every phase of the case has been substantially covered, and the findings of the jury supported by the testimony. We could with all propriety leave the discussion of the case here and affirm the judgment. S. A. & A. P. R. Co. v. Gooch (Tex. Civ. App.) 247 S. W. 917.

Though a county court case, it has been earnestly and vigorously contested. The transcript contains 151 pages. The statement of facts contains 52 pages. Appellants' brief contains 95 printed pages. Appellee Southern Surety Company's brief contains 17 typewritten pages, and brief of Binyon O'Keefe Fireproof Storage Company contains 12 unnumbered pages. The briefs are all instructive and able.

[1] Appellant filed no motion attacking the findings of the jury on account of the claimed insufficiency of evidence to support it, but filed a motion asking judgment on the findings of the jury as follows:

"Now comes the defendant, Northern Texas Traction Company, and moves the court that a judgment be rendered in its favor upon the findings of the jury returned into open court on December 17, 1921, for the reason that said findings of the jury are in all things favorable to the defendant, Northern Texas Traction Company, and in all things against the plaintiff Southern Surety Company, and that by reason of said findings of the jury the said plaintiff is not entitled to a judgment against this defendant in any amount"—which was overruled, and judgment then rendered in favor of appellee upon the finding of the jury.

The motion for rehearing fails to disclose any assignment seeking to set aside the findings of the jury. It is well settled, on appeal, when it appears no errors are assigned to the action of the court in refusing to set aside a special verdict, appellant cannot complain of the judgment on the ground that the findings are not supported by the evidence.

⬌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Blackwell v. Vaughn (Tex. Civ. App.) 176 S. W. 912; Four Brotherhood Oil Co. v. Kelley (Tex. Civ. App.) 235 S. W. 604; Scott v. Bank (Tex. Civ. App.) 66 S. W. 485; articles 1986–1990, R. S. By this motion, appellants in a way approved the findings to the extent it relied on them for a judgment in its favor. Independent of the above rule of law in respect to procedure, it is our opinion from a careful inspection of the record there is sufficient testimony to support their findings.

[2] The evidence shows substantially that the Buick car was parked on a street occupied by appellant's rails over which it operated its cars and in order for the truck car to pass it had to enter upon part of the traction company's track to pass the Buick, to again pursue its movement along the street free from the street car rails and track, and it was just about this time, as the motor truck was passing off the track, appellant's car overtook it and drove it with force against the parked Buick. This huge truck of the Binyon O'Keefe Company measuring almost 30 feet long, and having a body on it 10 feet from its bed to its closed top, was traveling in front of the street car, in plain and unobstructed view in the same direction, and the motorman on the street car for several blocks had been constantly ringing the gong, apparently for the purpose of scaring the motor truck of Binyon O'Keefe from the track. The jury might with perfect propriety conclude the street car deliberately ran against the motor, and endeavored to strike it from the track, after it had seen it was in a position of peril. We shall not go further in the evidence to sustain their finding. It is a fact case; hence we cannot lawfully disturb a jury's verdict when it is supported, however slightly, with material testimony in the absence of some other and better reason.

We have carefully considered the special issues submitted by appellant and refused by the court. They add nothing to those submitted and given by the court because they really embrace, or substantially so, the requested issues of appellant.

[3] We find no fault with the authorities cited by appellant on the doctrine of discovered peril, and approve the quotation from Ruling Case Law, one of the cases it cites (volume 20, arts. 116, 117, pp. 141, 143):

"The basis of recovery in this case as in others is the defendant's superior knowledge of the peril. It has been said that the ground upon which a plaintiff may recover, notwithstanding his own negligence, is that the defendant, after becoming aware of the danger to which the plaintiff was exposed, failed to use a proper degree of care to avoid injuring him. In many of the cases the defendant's conduct is characterized as having been 'willful,' 'wanton,' or 'reckless,' but very plainly there need have been no express intention to inflict an injury. The defendant's knowledge, however, must have been actual knowledge; he is not to be held liable upon proof that he ought to have discovered the plaintiff's perilous situation, for such proof does not establish superior knowledge of the peril. It is what the defendant did or failed to do after acquiring knowledge of the plaintiff's peril that constitutes the breach of duty.

"Not only must the defendant have had actual knowledge of plaintiff's dangerous situation, but he must have been aware also of the plaintiff's unconsciousness of or inability to avert the peril. The plaintiff's right of recovery exists when the defendant, after having discovered his peril, having also reasonable ground to believe him unconscious of danger, or unable to avoid it, might himself, by the exercise of ordinary diligence, have prevented the mischief which followed."

The injured party in such cases is always in peril and guilty of contributory negligence, so that the person or machine doing the injury must have discovered the peril in time to have stopped or attempted in every way to prevent the injury by all the means at hand. When the injured person is so in peril, and seen by the other party, the law and humanity call loudly upon him and demand that he must do everything possible to avert the injury.

We fail to find any reversible error assigned, and the judgment is affirmed.