## LLEWELLYN et ux. v. FIRST NAT. BANK OF LAMPASAS.    (No. 6781.)

(Court of Civil Appeals of Texas. Austin. July 2, 1924.)

**I. Homestead ⬅177(2)—Representations that property is not homestead cannot defeat homestead, where actually occupied as home.**

Where those having a homestead interest in property are physically occupying it as a home, their representations to the contrary cannot afford a predicate of estoppel to defeat the homestead right; but the rule is different where property is not so occupied.

**2. Homestead ⬅162(1)—After removal from property, its continued character as homestead rests in minds of parties claiming homestead right.**

Where a family has moved from property, its continued character as a homestead rests in the minds of the parties claiming the homestead right.

**3. Homestead ⬅162(1)—May be abandoned by removal, without intent to again occupy as home.**

A homestead may be abandoned by moving therefrom, with intent not to occupy it again as homestead, whether or not another homestead is acquired.

**4. Homestead ⬅177(2)—Evidence held to estop husband and wife from claiming land incumbered was homestead.**

In suit by bank to foreclose deed of trust on land not occupied by defendant husband and wife as a home, when they executed trust deed, defendants' representations, relied on by bank, that the land was not homestead, *held* to estop defendants from claiming homestead.

Appeal from District Court, Lampasas County; Lewis H. Jones, Judge.

Suit by the First National Bank of Lampasas against H. H. Llewellyn and wife. From a judgment for plaintiff, defendants appeal. Affirmed.

E. M. Dodson and Nat Llewellyn, both of Marlin, and H. F. Lewis, of Lampasas, for appellants.

Roy L. Walker, of Lampasas, for appellee.

McCLENDON, C. J. This was a suit by the First National Bank of Lampasas against H. H. Llewellyn, to recover the balance due upon two notes, and against Llewellyn and wife to foreclose a deed of trust upon 112½ acres of land situated in Falls county, executed by them as security for the notes. Personal liability of H. H. Llewellyn on the notes was not contested. As a defense to the action to foreclose the deed of trust, defendants pleaded that the property was their homestead at the time the deed of trust was given. In addition to a denial of this plea of homestead, plaintiff pleaded estoppel, alleging that defendants were not living upon the property when the trust deed was given, had designated other property as their homestead, and had represented to plaintiff, verbally and in the deed of trust, that the 112½ acres was not their homestead, and that plaintiff, relying upon these representations, had loaned the money evidenced by the notes and taken the trust deed as security.

This appeal is by the defendants below from a judgment in favor of plaintiff foreclosing the trust deed, which judgment was rendered upon a directed verdict. The only question in the case is whether appellants, under the evidence, were estopped as a matter of law from asserting the defense of homestead. The facts in the case, which are without dispute, follow:

Appellants were married in 1895, and shortly thereafter moved upon the property in suit, and continuously lived there up to the year 1916, when they moved to Waco, where they lived continuously until 1922, occupying a rented house. Their purpose in moving to Waco, as testified to by Mrs. Llewellyn and her brother, was to educate her daughter and have her treated by a physician. In 1918 appellants executed, acknowledged, and caused to be recorded in the deed records of Falls county an instrument, in which they designated as their homestead 223 acres of land in Falls county, which was the separate property of Mrs. Llewellyn. This designation stated that they waived and relinquished all exemption rights in the 112½ acres. At the time of making this designation, or shortly thereafter, appellants borrowed $2,500 from a loan company, securing it by deed of trust upon part of the 112½ acres. The deed of trust in suit was dated November 23, 1921, and was given to secure the two notes described in plaintiff's pleadings. This deed of trust recited that the property in question was not the homestead of appellants, and designated the 223 acres as their homestead. It also recited that it was subject to the previous deed of trust, and authorized the payee in the notes it secured to pay the prior lien indebtedness. In negotiating the loan represented by the notes sued on, the plaintiff bank was represented by its president, H. N. Key, who testified that before making the loan he went to Waco to see Mr. Llewellyn, and they together went to Falls county to look at the property. Mr. Llewellyn told Mr. Key that he had formerly lived upon the 112½-acre tract, but had not lived there for a number of years, that he had designated the 223 acres as his homestead, and that the 112½ acres was not his homestead. He did not know that Mr. Llewellyn was renting a house in Waco, but knew that he was not claiming a homestead there, but was claiming the 223 acres. He also knew that the Llewellyns did not live on the 223 acres, and Mr. Llewellyn told him that he had never lived there. We quote from his testimony:

"In making the loan testified to to Mr. Llewellyn, I made that loan upon the representations made to me by Mr. Llewellyn in person, and also written into the deed of trust, that this land was not his homestead, and, relying upon these representations, I made the loan, and would not have made it otherwise. I would not have made the loan if he had not made these representations to me."

Mr. Llewellyn did not testify in the case, and the testimony of Mr. Key stands without contradiction. The principles of law which control the question at issue are so well settled by adjudications in this state that it is unnecessary to discuss them at length, or to review the supporting authorities.

[1-3] Where those having a homestead interest in property are physically occupying it and using it as a home, representations by them to the contrary, however solemnly made, are of no avail to defeat the homestead right. Estoppel is no defense in this character of cases. Loan Co. v. Blalock, 76 Tex. 85, 13 S. W. 12; Hutchenrider v. Smith (Tex. Com. App.) 242 S. W. 204. A different rule obtains, however, where the homestead property is not actually occupied as such at the time it is incumbered. So long as the property is actually occupied and used as a home, its homestead character cannot be divested by intention of the occupants. But when the family has moved away from the property its continued character as a homestead rests in the mind of the parties claiming the homestead right. In order to divest the property of its homestead character by abandonment, the acquisition of another homestead is not essential. Abandonment is as effectually accomplished by moving off the property, with the intention not to occupy it again for homestead purposes. Hudgins v. Thompson, 109 Tex. 433, 211 S. W. 586.

[4] The authorities upon the subject, which are numerous, are uniform in holding that, where the husband and wife have moved away from the property, and its homestead character is preserved solely by their intention to return to it, they may estop themselves from asserting their homestead interest by representations made for the purpose of procuring a loan, to the effect that the property is no longer their homestead; the lender in such case believing such representations to be true, and relying upon them in making the loan and taking a lien upon the homestead property as security. Mortgage Co. v. Norton, 71 Tex. 683, 10 S. W. 301; Parrish v. Hawes, 95 Tex. 185, 66 S. W. 209; Sparks v. Loan Agency (Tex. Sup.) 19 S. W. 256; Haswell v. Forbes, 8 Tex. Civ. App. 82, 27 S. W. 566; Carden v. Short (Tex. Civ. App.) 31 S. W. 246 (W. R.); Mortgage Co. v. Scripture (Tex. Civ. App.) 40 S. W. 210; Loan Ass'n v. Guillemet, 15 Tex. Civ. App. 649, 40 S. W. 225; Hunter v. Kelley (Tex. Civ. App.) 60 S. W. 890; White v. Dabney (Tex. Civ. App.) 46 S. W. 653 (W. R.); Bank v. Gregory, 36 Tex. Civ. App. 578, 82 S. W. 802 (W. R.); McGaughey v. Bank, 41 Tex. Civ. App. 191, 92 S. W. 1003 (W. R.); Parker v. Schrimsher (Tex. Civ. App.) 172

S. W. 165 (W. R.); Calvin v. Neel (Tex. Civ. App.) 191 S. W. 791 (W. R.); Turrentine v. Doering (Tex. Civ. App.) 203 S. W. 802 (W. R.); Ferguson v. Smith (Tex. Civ. App.) 206 S. W. 966 (W. R.); Johnson v. Irrigation Co. (Tex. Civ. App.) 217 S. W. 407 (W. R.). The initials "W. R." denote that writ of error was refused.)

The evidence conclusively establishes that the property in suit was not occupied or used as a home by the Llewellyns when the trust deed was executed, or for a number of years previously; that they had designated other property as their homestead; that Mr. Llewellyn verbally, and he and his wife in the deed of trust, represented to Mr. Key that the property in suit was not their homestead; that Mr. Key made the loan and took the deed of trust for appellee bank in reliance upon these representations, and believing them to be true. There was no issue of fact to submit to the jury. Estoppel was established as a matter of law, and the trial court properly directed a verdict for the plaintiff.

The trial court's judgment is affirmed.

Affirmed.