**GARDNER PARK AMUSEMENT CO. v. HUMPHRIES et al.  (No. 7112.)**

Court of Civil Appeals of Texas.  Austin.
April 27, 1927.

Rehearing Denied May 18, 1927.

Negligence  ⟳136(32)—Whether swimming pool manager after discovering swimmer's peril could have warned her held for jury.

In suit for personal injuries sustained by plaintiff while diving into a swimming pool owned by defendant, question whether defendant's manager, after discovering peril of plaintiff, had time to warn her of it and avoid injury to her by use of means and agencies then at hand, *held* for jury.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Action by Mrs. Lennie Humphries and husband against the Gardner Park Amusement Company.  Judgment for defendant was rendered, and from an order granting a new trial defendant appeals.  Affirmed.

E. B. Freeman and Thomas, Frank, Milam & Touchstone, all of Dallas (O. O. Touchstone and Hobert Price, both of Dallas, of counsel), for appellant.
John G. Wilson and R. H. Vogel, both of Dallas, for appellees.

BLAIR, J.  Appellee, joined pro forma by her husband, sued appellant to recover for injuries sustained by her while diving into the swimming pool owned by appellant company.  She alleged several acts of negligence on the part of appellant as the proximate cause of her injuries and also pleaded discovered peril as follows:

"That they were further negligent in this, that said employees and guides of defendant saw plaintiff, saw her approaching, near and at a point of danger, saw and realized that she was preparing to dive, saw and realized that she was in the very act of diving into said pool and saw her dive into the water at the point where she was injured, and they then and there negligently failed to use ordinary care to warn her of danger and negligently failed to use all the means at their command to prevent her from diving and to prevent her from being injured."

Appellant denied being negligent in any respect and pleaded several acts of contributory negligence on the part of appellee as the proximate cause of her injuries.  The case was submitted on special issues and the jury found in effect that appellant was not guilty of negligence, but that appellee was guilty of negligence which proximately caused her injuries.  Relative to the issues submitting discovered peril, the trial court instructed the jury that if they found in answer to other issues submitted appellee was guilty of negligence proximately causing her injuries they need not answer the discovered peril issues; and they did not answer said issues.

On motion of appellant, judgment was rendered for it, based upon the findings of the jury; but on motion of appellee this judgment was set aside and a new trial granted for the following reasons stated in the judgment:

"That the court committed material error in refusing to permit the jury to answer special issues Nos. 6, 7, and 8 (submitting discovered peril), and in giving the jury the following instructions immediately following special issue No. 5: 'If you have answered special issue No. 5 in the negative, then you need not answer any further questions, but if you have answered it in the affirmative, then please answer special issue No. 6.'  And the court being of the opinion that the court's action in this respect was erroneous, the court upon this ground is of the opinion that plaintiffs' motion for new trial is well taken and should be granted."

The appeal is from the order granting the new trial and is predicated upon four propositions of error, neither of which is sustained.  The second proposition presents the only matter meriting discussion, and reads as follows:

"In a personal injury action where the jury found that the defendant was not guilty of negligence, but that plaintiff was guilty of negligence which proximately caused her injuries, the failure of the jury to answer issues on the question of discovered peril was wholly immaterial and was not ground for granting new trial to plaintiffs, where the issues of discovered peril were improperly contained in the court's charge and should never have been submitted, there being no evidence whatsoever to sustain them."

This proposition admits that if the issues of discovered peril submitted were raised by the evidence, then the trial court correctly

---

⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

granted the motion for a new trial, and the only question here is whether the evidence was sufficient to require the submission of said issues to the jury. We think it was.

Appellee relies principally upon the admissions of D. C. Bell, active manager and secretary treasurer of appellant company, to establish her allegations of discovered peril. Bell testified as follows:

"I did not see this particular party come out of the dressing room. As to when I noticed them, next, my mind was particularly attracted next when the lady dove in. I was standing possibly 15 or 20 feet from her when she dove in the pool; might have been a little over that. She gave no notice at all of her intention to dive in. * * * I just happened to be glancing that way and noticed that she dove. As to how she dove in, it looked to me on the impulse of the moment. She went up in the air and straight down. As to whether or not that is what I call a deep dive, I would say that it was a very foolish dive. * * * I did not try to stop her. If I had been standing a foot from her I couldn't have stopped her. The reason I couldn't have stopped her is because it was done on the impulse of the moment. * * * If she had had any men friends there, in my experience in looking after the public, I would have called their attention to it, * * * because it is a habit of being careful, and if there was going to be any danger, I would stopped her. As to whether or not I would have stopped her if I had known what she was going to do, if I knew that she was going to dive straight down, I would. As to whether I was there and could have prevented it, I couldn't prevent it. I could not tell them not to dive; they would resent it. * * * The public is very touchy, and you have got to handle them with kid gloves. As to whether, out of fear that I might offend some patron, I wouldn't tell them not to dive in those places, I am very careful, yes."

Bell admits that he saw appellee before she dived and further that it was his duty to have warned her not to do so from the place she dived. He testified to the conclusion on his part that he would have warned her but for the fact that he did not have time after he saw she was going to dive and before she did dive. Under this state of the evidence it became a question for the jury to determine whether after Bell saw appellee about to dive into a dangerous place in the pool where the water was shallow, he had time to warn her of the impending danger, and the court would have had no right to have refused to submit the issues of discovered peril upon the conclusion of Bell, an interested witness, in that regard. In this connection some ten or twelve other witnesses testified that they saw appellee just before she dived and that she showed from her acts, such as placing her hands above her head, etc., that she was getting ready to dive. These were facts which the jury could consider, because they were not compelled to believe Bell's statement that appellee made no preparation to dive but did so on the spur of the moment. The testimony also bore on the issue as to whether Bell saw appellee preparing to dive in time to have warned her not to do so, and this evidence is at least of sufficient probative value as to warrant the reasonable inference that after Bell discovered the peril of appellee he did have time by the use of the means at hand to have warned her not to dive and thereby averted the injury. Bell also gave two more possible reasons which the jury had a right to take into consideration as to why he did not warn appellee of the danger of diving at that particular place. The first reason was that she had no men friends with her and that it was a matter of "habit" with him "of being careful" to speak to men companions about such things. The second reason was that he "could not tell them not to dive," because the public "is very touchy. They would resent it," etc. So, under all the evidence, it became a question for the jury to determine whether Bell after discovering the peril of appellee had time to warn her of it and avoided injury to her by the use of the means and agencies then at hand. The general principles which apply to discovered peril may be found in the following cases: Railway Co. v. Shetter, 94 Tex. 199, 59 S. W. 533; Tex. Pac. Ry. Co. v. Breadow, 90 Tex. 31, 36 S. W. 410; North Tex. Traction Co. v. Southern Surety Co. (Tex. Civ. App.) 250 S. W. 229; Schaff v. Copass (Tex. Civ. App.) 262 S. W. 234; G.; H. & S. A. Ry. Co. v. Price (Tex. Com. App.) 240 S. W. 524.

We find no error in the action of the trial court in granting appellee a new trial and therefore affirm the order granting same.