## McCREA v. UNDERWOOD et al.
### No. 7994.

Court of Civil Appeals of Texas. Austin.
July 2, 1934.

W. H. Browning, of Lampasas, for appellant.

BAUGH, Justice.

McCrea sued Underwood upon two promissory notes for $2,000 each and for a foreclosure of a deed of trust lien on 638 acres of land in Lampasas county given by Underwood and wife to secure their payment. John A. Best, receiver of the First National Bank of Lometa, was made a party as claiming a lien on said lands which appellant alleged to be inferior to that sought to be foreclosed. The wife of Underwood intervened, and with her husband set up a homestead claim in 200 acres of said land, and asked that same be set aside to them as such, and that foreclosure on said 200 acres be denied. By supplemental petition appellant pleaded estoppel against Underwood and wife on the ground that they had moved off of said lands prior to the execution of said mortgage on same, had represented to him that no part of said lands constituted their homestead, but that the premises on which they then resided in the town of Lometa were their homestead; and in said mortgage, duly executed and acknowledged by both of them, they had in writing designated the "property which we own and upon which we now reside" in said town of Lometa, as their homestead; and that but for such representations and designation appellant would not have lent them said money and accepted said notes and mortgage.

The case was tried to a jury upon a single special issue, whether Underwood had on December 13, 1929, the date of the execution of said notes and mortgage, abandoned his homestead on said lands. The jury found that he had not. Upon this answer the court rendered judgment for appellant for the amount of his debt, established the priority of his lien over that of the bank, and decreed a foreclosure of appellant's lien only on the excess of said

lands over the 200-acre homestead allowance; hence this appeal.

■ We think the case must be reversed for failure of the trial court to submit to the jury the issue of estoppel of Underwood to assert his homestead claim. Estoppel was specifically pleaded and clearly raised by the evidence. While appellant urges that estoppel was established by the evidence as a matter of law, and that he is entitled to have judgment rendered in his favor by this court, because of the conflicts between his testimony and that of Underwood as to what representations the latter made to McCrea in order to secure the loan and the matter of diligence exercised by McCrea to ascertain the true facts, we think the facts relied upon by appellant to constitute an estoppel clearly raised a jury question. But they were not conclusive on that issue.

■■ There was also evidence, unnecessary to be set out here, from which the jury could have concluded that there was a collusion amounting to a fraud, between Underwood and W. W. Tippen, then president of the Lometa bank, to which Underwood was indebted, in a simulated conveyance from Tippen to Underwood of certain property in Lometa so as to create a record title thereto in Underwood, for the purpose of the homestead designation made in the mortgage, and thereby mislead McCrea. The evidence affirmatively showed that Underwood and his family had moved from the lands in controversy about a year before the date of the mortgage and had been living in Lometa. The question of whether Underwood had in fact abandoned his homestead on said lands under the circumstances was not, therefore, the controlling issue in the case presented. It was whether or not, admitting that he had not, he and his wife had, under the facts and circumstances, estopped themselves to assert against McCrea a homestead claim. And the law is settled that, where a husband and wife move from their homestead and live elsewhere, retaining an undisclosed intention to return to such homestead, they can estop themselves from asserting such homestead claim against one from whom they borrow money thereon who acts in good faith on their representations that such property is not their homestead. Llewellyn v. Bank (Tex. Civ. App.) 265 S. W. 222; Wootton v. Jones (Tex. Civ. App.) 286 S. W. 680; Glaser v. v. Henderson (Tex. Civ. App.) 2 S.W.(2d) 987; 22 Tex. Jur. 185. And the elements constituting such estoppel, unless the facts are uncontro-

verted, are usually questions for the jury. Riggs v. Bank (Tex. Civ. App.) 24 S.W.(2d) 454.

■ While appellant did not tender to the court special issues presenting the elements of estoppel relied upon, he did object to the issue submitted as not embodying estoppel, and requested the court to charge the jury on that issue. The estoppel issue having been raised by both pleading and evidence and the attention of the court having thus been called to it, it then became the duty of the court to properly present such issue to the jury. His failure to do so constitutes reversible error.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded for another trial.

Reversed and remanded.