## McCREA v. UNDERWOOD et ux.

### No. 8255.

Court of Civil Appeals of Texas. Austin.

March 25, 1936.

Rehearing Denied April 15, 1936.

M. M. White, of Belton, and W. H. Browning, J. Tom Higgins, and Jerome J. Byrne, all of Lampasas, for appellant.

Roy L. Walker, of Lampasas, for appellees.

McCLENDON, Chief Justice.

The controversy in this case involves a plea of homestead to 200 acres out of a 638-acre tract securing, by trust deed, two $2,000 notes. In a former appeal a judgment in favor of appellees, establishing the homestead plea, was reversed because the trial court did not submit to the jury the issue of estoppel on appellees' part to assert the homestead claim. (Tex.Civ.App.) 73 S.W.(2d) 593. In the trial here involved, the homestead character of the property and estoppel to assert it were submitted to the jury and both issues found in favor of appellees.

Appellant's brief contains no assignment of errors, and the record presents no fundamental, if, in fact, any error at all. The gravamen of appellant's complaint, as we gather from his brief, is that the evidence does not support the jury finding upon the plea of estoppel. We have carefully read the entire statement of facts. The case there presented upon this issue is simply one of conflict in testimony between the witnesses for the respective parties. The jury evidently believed the testimony of appellees, which supported the finding, and rejected that of appellant.

The trial court's judgment is affirmed on two grounds:

(1) The sufficiency of the evidence to support the finding on estoppel cannot be considered, absent an assignment of error raising that issue. Robertson v. Hughes (Tex.Com.App.) 231 S.W. 734; Lamar-Delta County Levee Imp. Dist. v. Dunn (Tex.Com.App.) 61 S.W.(2d) 816; Douglas Oil Co. v. State (Tex.Civ.App.) 81 S.W.(2d) 1064.

(2) The evidence supports the finding on estoppel.

Affirmed.