## HIGGINS et al. v. MILLSAP et ux.

### No. 8752.

Court of Civil Appeals of Texas. Austin.

Nov. 2, 1938.

470

J. Tom Higgins, J. Sylvester Lewis, and J. J. Byrne, all of Lampasas, for appellants.

Owen P. Carpenter, Clem C. Countess, and Martin M. White, all of Belton, for appellees.

BLAIR, Justice.

Appellees, J. R. Millsap and his wife, Ima Millsap, sued appellants, the executors of the estate of H. A. McCrea, deceased, and J. Tom Higgins, substitute trustee of a deed of trust executed by the Millsaps to secure their $3,000 note, payable to McCrea, to cancel the deed of trust lien in so far as it purported to cover certain 198½ acres of the 434.5 acres of land described in the deed of trust, alleging that the specifically described 198½-acre tract was the homestead of appellees at the time of the execution and delivery of the note and deed of trust, and which fact was known to McCrea. As defenses appellants alleged abandonment of the 198½-acre tract as homestead by appellees prior to the execution of the deed of trust; and estoppel on their part to set up the claim of homestead, because they had designated other property described in the deed of trust as their homestead. At the conclusion of the evidence the trial court instructed a verdict, finding that the 198½ acres of land constituted a part of the homestead of appellees at the time of the execution and delivery of the deed of trust; and judgment was accordingly rendered cancelling same as to the 198½ acres of land. On the cross-action of appellants, judgment was rendered against J. R. Millsap for the amount due on the note and for the foreclosure of the deed of trust lien on the land then remaining subject to the lien.

Appellants contend that the court erred in refusing their requested peremptory instruction, because the evidence showed as a matter of law that appellees had abandoned the 198½ acres of land as a part of their homestead, and had estopped themselves to claim same as homestead, because they designated in the deed of trust other property, which they were occupying, as their homestead; and that in any event the evidence was conflicting on the issues of abandonment and estoppel, requiring their submission to the jury for determination. We do not sustain these contentions, but affirm the judgment of the trial court.

The undisputed evidence showed that at the time negotiations were begun with McCrea for the loan or $3,000, J. R. Millsap had occupied the 198½ acres as his homestead for 49 years, and that he and his present wife had occupied same as their homestead for about 30 years. McCrea went on the 434.5-acre farm and ranch and inspected same for the purpose of making the loan, at which time the Millsaps were still living on the premises. About one week later the Millsaps moved to a 1½-acre tract of land, which they had purchased, or were negotiating for its purchase, and which was located about two miles outside of the city limits of Lampas-

as, Texas, and about twelve or fourteen miles from the farm and ranch, and a married son and his family rented the farm and were to help in the care of the live stock of J. R. Millsap located on the farm and ranch. The live stock consisted of eight or ten horses, six or seven cows, and about one hundred head of sheep, and were running on the premises at the time McCrea inspected same, and continuously remained on the farm and ranch after the loan was made; and J. R. Millsap and his minor sons came back to the ranch when necessary to help care for same, particularly in shearing time; and a furnished room was retained in the residence for their use on such occasions. Both Millsap and his wife testified that they went to the small place near Lampasas for the purpose of schooling their minor sons, they having completed their schooling at the one-teacher school near the farm and ranch; but intended at all times to return to their home on the farm and ranch. One minor son remained on the farm until the crops then growing were harvested. Several of the neighbors testified that the livestock were known as that of J. R. Millsap, and continued on the ranch just as they were before the family moved to the 1½-acre place near Lampasas. The rents from the farm were used to support the family; milk cows were taken back and forth as needed, and wood was hauled from the farm to the 1½-acre place.

The deed of trust contained the following statement: "Said lands being no portion of our homestead. Our homestead being now located about two miles east of Lampasas, Texas, being on 1¼ acres out of the B. F. Klein Survey on which we now live and have our place of business."

The deed conveying the 1½-acre tract to the Millsaps was dated and recorded in August, 1927. They moved on the premises in September, 1927. The negotiations for the loan were begun in September, 1927, and the deed of trust in suit was executed October 5, 1927, but the undisputed proof showed it had been in the process of preparation for several days prior to its execution. The attorney who prepared the deed of trust testified that he obtained the information contained therein from the deed records of Coryell and Lampasas Counties, the 434.5 acres being situated in part in each of the counties, and possibly some of the information from appellee, J. R. Millsap; that he did not represent McCrea, and had no record showing that Millsap paid him anything for his services. He took the Millsaps' acknowledgments; and both he and Mrs. Millsap testified that he read the deed of trust over to her. J. R. Millsap testified that he did not read the same.

The undisputed evidence sustains the trial court's following findings of fact:

"That the 1.5 acres or less out of the B. F. Klein Survey, referred to in said deed of trust, is located approximately 2 miles east of the town of Lampasas, Texas, and some distance from the corporate limits of said town and is situated exclusively in a rural section as distinguished from urban section; and that said 1.5 acres of land is not situated in a closely built up community, but, on the contrary, is located exclusively in a very thinly settled section of the country and is surrounded exclusively by lands used for farming and pasturage purposes and that said conditions and facts existed at the time of the execution and delivery of said deed of trust involved in this case; and that said 1.5 acres of land, and the land described in the deed of trust which plaintiffs attempted to mortgage in said deed of trust are so situated that plaintiffs conveniently, actually, used and enjoyed same for the support and maintenance of themselves and family at the time of the execution and delivery of said deed of trust.

"That the use to which the 2 tracts of land, that is, the land attempted to be mortgaged by plaintiffs to said H. A. McCrea and the 1.5 acre tract, were put by plaintiffs for homestead purposes was not inconsistent for homestead purposes at any time.

"That plaintiffs at no time abandoned the use and enjoyment of the lands described in the deed of trust and attempted to be mortgaged as their homestead, but continuously used the same for the support and maintenance of themselves and family before, at the time of and after the execution and delivery of said deed of trust."

The Millsaps resided on the 1½-acre tract and operated a small grocery store and filling station for about one year, when they sold same and moved to another small place purchased by them near Copperas Cove, and about four miles from the farm and ranch; and after about two years they moved back to the farm and ranch and were residing there when the substi-

tute trustee posted notice of sale under the deed of trust, which action precipitated this suit.

Such undisputed facts bring the instant case within the settled rule that where a married man is in actual possession of property, using the same as homestead, no representation made, either by him or his wife, will defeat the constitutional exemption; and particularly within the rule that if, prior to the execution of the deed of trust or mortgage, the beneficiary or mortgagee, "had actual knowledge that the premises had been occupied in circumstances establishing the claim of homestead, he is not entitled to prevail upon proof merely that the claimant disclaimed the existence of homestead rights in the land, stating that he had ceased to use or occupy the property, or that he had removed therefrom." 22 Tex.Jur. 187; Gibraltar Sav. & Bldg. Ass'n v. Harper, Tex.Civ. App., 41 S.W.2d 130, writ refused; Seidemann v. New Braunfels State Bank, Tex. Civ.App., 75 S.W.2d 167, writ refused; Fest v. Williams, Tex.Civ.App., 89 S.W. 2d 1072. J. R. Millsap had occupied the premises for 49 years as his homestead. McCrea went on the premises at the time negotiations for the loan were begun and saw this open and visible occupancy. Later and before the negotiations were completed, the Millsaps removed from the premises and declared that the land in suit was not their homestead, but that the premises to which they removed was their homestead. The 1½-acre tract was rural property, and was so situated that the Millsaps could and did continue to occupy and use the former premises as a part of their homestead. This occupancy and use were open and visible. The two tracts, the 198½-acre tract and the 1½-acre tract, both being rural property, and both being used by appellees for homestead purposes, and such use not being inconsistent, and being open and visible, the mere declaration in the deed of trust that one of the tracts was homestead and not the other, will not suffice as proof of either abandonment or estoppel on the part of appellees to claim both tracts as homestead. The situation thus presented is not analogous to the situation or facts presented in the cases relied upon by appellants. That is, where the tangible facts show that the claimant used and occupied two tracts or parcels of land in such fashion as to establish the claim of homestead in respect to either, and that he should or must select the one or the other, then the encumbrancer relying upon the disclaimer as to the one and designation of the other as homestead, without knowledge of the secret intention of claimant not to abandon the tract declared not to be homestead, should prevail. Among the cases cited by appellants are Llewellyn v. First Natl. Bank, Tex.Civ.App., 265 S. W. 222, and Wootton v. Jones, Tex.Civ. App., 286 S.W. 680, by this court. This last case states the rule to be [page 687]: "A man may have two or more residences at the same time, but he cannot have more than one homestead. Hence, when he occupies as a residence a place in town and another in the country, under such circumstances that either may be his homestead according to his intention, it is evident that the physical facts alone cannot be relied upon as giving notice that either property is homestead as against the other. Clearly there is notice that one of the properties is homestead, and that both are not. It seems to us that such situation when it arises presents a most appropriate case for a homestead designation by the parties who have the right to resolve in their own minds the dilemma which the physical facts, created by their own conduct, present." 22 Tex.Jur., 188. But this rule has no application to the instant case, because both tracts or parcels of land were rural properties and use and occupancy of both as homestead was not inconsistent. Therefore the mere declaration in the deed of trust, which is all the evidence adduced on the issues of abandonment and estoppel, will not suffice as a matter of law, and especially so since mortgagee inspected the 198½-acre tract and saw its open and visible use as homestead, and since the undisputed proof showed that that use continued. This conclusion is in accordance with the rule that neither abandonment nor estoppel to claim a homestead can be predicated upon representations, standing alone, and the asserted lien is not sustainable where there is no evidence that the encumbrancer made an investigation as to the claimant's use of the two properties, or that he had any knowledge with respect to which place claimant was occupying. There is no evidence that mortgagee in the instant case ever made any investigation as to the use of the 1½-acre tract by appellees, or of their occupancy of same. He knew of the occupancy and use of the 198½-acre tract. If he had made an investigation it would have revealed that both tracts were used

as homestead before and at the time the loan was made, and he should be deemed to have acted with knowledge thereof. Hawes v. Parrish, 16 Tex.Civ.App. 497, 41 S.W. 132, writ dismissed; Wootton v. Jones, supra.

■ Appellants complain that the court erred in permitting witness Leslie Millsap to testify to any conversation heard between J. R. Millsap and H. A. McCrea. No such matter was presented in the motion for a new trial, as required by Rule 2 of the Courts of Civil Appeals, promulgated December 9, 1936, by the Supreme Court. For the same reason appellants' complaint to the effect that appellees carved out the 198½ acres from the larger tract so as to leave the remainder worthless cannot be considered.

The judgment of the trial court will be affirmed.

Affirmed.