### C. A. WALLER v. R. B. LILES.

No. 1131. Decided October 30, 1902.

**1.—Verdict Contrary to Evidence—Practice.**

The findings of the jury upon issues made by the pleadings in the case, although against the undisputed evidence or without evidence to support them, can not be disregarded, but must constitute the only basis upon which any proper judgment can be rendered. (Pp. 23, 24.)

**2.—Same—Special Issues—Conflicting Findings.**

A verdict finding, on special issues, that an assignment of accounts was not intended by the maker to include a certain account transferred by such instrument, but that he did not inform the transferree of such intention, though he knew such account to be included when he signed the instrument, was inconsistent with a finding that there was a mutual mistake of the parties in including such item; it was error to render judgment on such verdict, and on appeal it should be reversed and remanded. (P. 24.)

Questions certified from the Court of Civil Appeals for the Second District, in an appeal from Clay County.

*R. E. Taylor* and *Chesnutt & Denny,* for appellant.—Upon the finding of the jury that there was a mutual mistake in not excluding the personal accounts of the members of the firm of Liles Bros. & Waller when

referring to the accounts on the trial balance, the court should have rendered judgment for the defendant, C. A. Waller, whether or not he may have thought that the verdict was not supported by the evidence. Claiborne v. Tanner, 18 Texas, 78; Akin v. Jefferson, 65 Texas, 141; Kelley v. Ward, 58 S. W. Rep. 207; 36 Texas, 120; Laws. on Con., secs. 214, 205, 206; Kelley v. Ward, 60 S. W. Rep., 311.

The court having committed the errors above pointed out, should have granted the defendant a new trial, and in refusing to do so erred, for which error this court should grant defendant a new trial. Further, this defendant would respectfully ask this court to reverse and render this case for the reason that it was tried by a jury who, having passed upon the issue, found that the personal account of C. A. Waller herein sued on was not included in the accounts that passed by said bill of sale, and that the court should then have rendered judgment for the defendant, and having failed to do so, this court should now do what it was the plain duty of the lower court to have done, that is, render judgment for the defendant.

*Allen & Wantland,* for appellee.—When the jury finds upon an immaterial issue, such finding should be disregarded by the court and judgment rendered upon the material findings of the jury. Roberts v. Insurance Co., 19 Texas Civ. App., 338.

GAINES, CHIEF JUSTICE.—This case comes to us upon a certified question from the Court of Civil Appeals for the Second Supreme Judicial District.

Omitting so much of the statement as is intended to show a conflict of decision, and therefore the propriety of certifying the question, it is as follows:

"The firm of Liles Bros. & Waller, composed of R. B. Liles, H. A. Liles and C. A. Waller, transferred to R. B. Liles the assets of the firm, including accounts due the firm from appellant and others. These accounts were shown on a trial balance sheet and were thus referred to in the bill of sale transferring them. The suit was brought in the justice court by appellee against appellants on two items on the personal account of appellant aggregating $162.60. One of the items, however, was shown by the trial balance sheet to be due from the American Express Company and amounted to $45, for which appellant had become personally bound by reason of his having collected it from the express company and appropriated it to his own use.

"The answer of appellant tendered the issue of mutual mistake, to the effect that by oversight the bill of sale did not exclude the account sued on.

"On appeal to the County Court special issues were submitted to the jury which were thus disposed of. It was found, first, that at the time appellant signed the bill of sale from Liles Bros. & Waller to appellee he did not intend to convey to appellee his personal account to said firm

and the account against the American Express Company; second; that he did not at the time inform appellee of this intention; third, that at the time he signed the bill of sale he knew that the trial balance referred to herein contained his personal account and the account against the American Express Company; fourth, that there was a mutual mistake of the parties, when executing the bill of sale, in not excluding the personal accounts of the members of the firm of Liles Bros. & Waller when referring to the accounts on the trial balance.

"The County Court, notwithstanding this verdict, rendered judgment for the full amount sued for against appellant, and from that judgment this appeal was prosecuted. At a former day of the term this judgment was reversed by us upon the ground that the fourth finding of the jury, quoted above, was conclusive upon the issue of mutual mistake tendered by the answer of appellant, although it may have been against the evidence and without evidence to support it, no motion having been made to set it aside, and judgment was here rendered in favor of appellant. It is now insisted in motion for rehearing, which is still pending, and in motion to certify, that, notwithstanding this finding of the jury, the undisputed evidence as well as the other findings above stated exclude the idea of oversight or mistake as alleged by appellant, and that appellee was therefore entitled to judgment notwithstanding the verdict, or at least that the verdict so conflicts with itself as to render erroneous our action in giving a judgment upon it."

The questions are:

1. "Whether or not, where, as in this case, the special verdict finds upon a material issue contrary to the undisputed evidence, the court may disregard the finding and enter judgment in accordance with the testimony, rather than upon the verdict?"

2. "Whether or not this verdict so conflicts with itself as to require the judgment to be reversed and the cause remanded for a new trial?"

We think the ruling of this court in the case of Ablowich v. Greenville National Bank, 95 Texas, 429, is decisive of the first question. That case was a suit to recover upon a note and to foreclose a mortgage given to secure its payment. There was a dispute as to the debt, but none as to the mortgage. The mortgage was pleaded and made a part of the petition and was offered in evidence. The defendant pleaded a general denial but did not plead non est factum as to the mortgage. The court instructed the jury that in the event they found for plaintiff on the issue as to the debt, they would give a verdict also for a foreclosure of the lien. The jury returned a verdict for the plaintiff for the debt simply and made no mention of the mortgage or lien. The court thereupon rendered a judgment for the debt with a decree of a foreclosure. It was held by this court that, although the undisputed evidence showed that the mortgage existed, it was error to decree a foreclosure. The general denial made the existence of the mortgage an issue in the case, and the jury having failed to find that it did so exist, the verdict was treated as a finding against the lien. The

exhaustive review in the opinion of the decisions of this court upon the point renders any further discussion of the question unnecessary here. It is deducible from the ruling in that case, that the findings of the jury upon the issues made by the pleadings in a case, although against the undisputed evidence or without evidence to support them, can not be disregarded, but must constitute the only basis upon which any proper judgment can be rendered. It is probable a different rule should prevail where a finding is not upon an issuable fact, but upon some fact which is merely evidence bearing upon some issue made by the pleadings. We answer the first question in the negative.

In regard to the second question, we think that the third and fourth findings of the jury as shown in the foregoing statement are utterly inconsistent with each other, and that therefore no judgment should have been rendered upon the verdict. If, as found by the jury in the third finding, the appellant knew at the time he signed the transfer that the items in dispute were contained in it, then he could not have been mistaken as to the fact as they in effect found in the fourth.

We answer the second in the affirmative.