## C. H. EARNEST v. R. C. LAKE ET AL.

Decided March 9, 1907.

**1.—Limitation—Possession.**

To support a plea of limitation it must appear that the possession was not only actual, but that it was adverse.

**2.—Practice—Conflicting Findings of Fact.**

Where the findings of fact by the trial judge are conflicting and the judgment is not warranted by the findings, the proper practice is to reverse and remand the case for a new trial, and not to render judgment for the appellant.

Appeal from the District Court of Lubbock County. Tried below before Hon. L. S. Kinder.

*C. H. Earnest* and *W. D. Benson,* for appellant.

*Geo. L. Beatty* and *John R. McGee,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellant sued in trespass to try title to recover from the appellees a section of land known as survey 61, block 20, H. E. & W. T. Ry. Co., situated partly in Lubbock and partly in Hockley County. Appellees pleaded not guilty and limitation of three and five years. The case was tried without a jury, and the court rendered judgment in favor of the appellant for the land described in his petition "except such portion thereof as is in conflict with Donley County league No. ten (10)," which was owned and possessed by the appellees.

To this judgment appellant excepted and appealed therefrom on the court's findings of fact without any statement of facts, which findings (with the second, which is immaterial, omitted) are as follows:

"1. Plaintiff has shown a consecutive chain of transfers from the State of Texas down to himself describing the land sued for in his first amended original petition, said chain of title being regular, and under patent from the State of Texas, and deeds duly recorded in Lubbock County, Texas.

"3. The defendants, R. C. Lake and T. B. Tomb have shown a consecutive chain of transfers duly registered and under the sovereignty down to themselves of Donley County league No. 10, being regular from the State of Texas to Allen Gregory, H. H. Cooly and L. R. Hastings, and to themselves. Said league was enclosed in a large pasture in 1897 or

1898 and has been in the actual possession of said defendants and those under whom they hold continuously since it was first enclosed as stated to present time, using and enjoying the same.

"4. Survey No. 61, block 20, H. E. & W. T. Ry. Co., described in plaintiff's petition was patented May 10, 1880. League survey No. 10, Donley County, was patented December 5, 1883, upon a survey made under and by virtue of an Act approved March 26, 1881.

"5. There was no evidence adduced on the trial of this cause, showing any conflict between survey No. 61, block 20, H. E. & W. T. Ry. Co., and league survey No. 10, Donley County school land.

"6. The defendants, R. C. Lake and T. B. Tomb acquired their title to league survey No. 10 Donley County by deeds dated August 17, 1899, and recorded in Lubbock County, Texas, for Hockley County Texas, January 30, 1902.

"7. On or about May 26, 1902, one B. L. Frost leased from the plaintiff, C. H. Earnest, two tracts of land in Lubbock County, one of them being survey No. 73, not here in controversy, and the other one being all that portion of survey 61, block 20, H. E. & W. T. Ry. Co., not in conflict with Donley County league No. 10, estimated at about 320 acres, and at once took possession of said lands, and began to use them for grazing purposes, and the said B. L. Frost is now renting said lands survey No. 61 from plaintiff, or so much thereof as is not in conflict with Donely County league No. 10, holding the same as plaintiff's tenant.

"8. At the time that said B. L. Frost took possession of said portion of survey 61, there was no fence on or across said survey, or any part thereof, nor any other improvements, but the same was in a large enclosure containing about 250 sections of land, said enclosure being under the control and use of the said defendants R. C. Lake and T. B. Tomb.

"9. Afterwards on or about July, 1902, the defendants, R. C. Lake and T. B. Tomb, constructed a fence across the survey 61, from north to south leaving about one-half of it within their enclosure on the west and the remainder in the possession of B. L. Frost, tenant of plaintiff, C. H. Earnest.

"10. About July, 1898, L. R. Hastings completed a large enclosure situated in the counties of Lubbock, Hockley, Lynn and Terry, in which enclosure was located league survey No. 10, Donley County, and plaintiff's survey 61, block 20, H. E. & W. T. Ry. Co., but no part of the fence enclosing said lands were on or near said lands, said large enclosure was used by said Hastings and by his successors the defendants R. C. Lake and T. B. Tomb for the grazing of cattle, and continued to use the same, until May 26, 1902, when the fences were changed as indicated in finding No. 9, after which the defendants R. C. Lake and T. B. Tomb continued to use for grazing purposes that portion of survey No. 61, block 20, lying on the west side of the fence erected by them in 1902, as above indicated, and up to this present time.

"The defendants R. C. Lake and T. B. Tomb have paid all taxes due on league No. 10, Donley County, for the years 1900-1901, 1902-1903, 1904-1905, and Gregory and Hastings paid the taxes on said league No. 10, Donley County, for the years 1898-1899.

"12. That this suit was commenced on the 21st day of July, A. D. 1904."

*Opinion.*—The findings did not warrant the judgment. Appellant was the owner of survey 61, block 20, H. E. & W. T. Ry. Co., the land sued for, which had been patented May 10, 1880, prior to the location of the Donley County league owned by the appellees. By their plea of not guilty the appellees admitted possession of all the land sued for. Appellant was therefore entitled to recover it all unless he had lost a part of it by limitation. The findings on which the judgment rests fail to show that he had. There is no finding of *adverse* possession by the appellees of any part of survey 61. It takes something more than actual possession, use and enjoyment to constitute adverse possession.

If these findings be treated as showing an adverse holding of the Donley County league, as perhaps they should, adverse possession of any part of survey 61 seems to be refuted by the fifth finding, that no evidence had been adduced showing any conflict between that survey and the Donley County league. This finding, however, seems to be in conflict with some of the recitals contained in subsequent findings, which are against the contention of appellant that we should here render judgment in his favor. (Waller v. Liles, 70 S. W. Rep., 17.) Indeed, the judgment itself suggests a conflict and yet leaves it undetermined. On the whole, we think the judgment should be reversed and the cause remanded for a new trial, and it is so ordered. See Kimball v. Houston Oil Co., 17 Texas Ct. Rep., 710.

*Reversed and remanded.*