## HALL v. HAYTER. (No. 417.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 10, 1919.)

1. JUDGMENT ⟨Key⟩199(1) — JUDGMENT NON OBSTANTE.

Trial court could not have entered judgment in favor of plaintiff on his motion on the jury's verdict, which was wholly adverse to him, practice of entering judgment non obstante veredicto having become obsolete.

2. ASSAULT AND BATTERY ⟨Key⟩42—SELF-DEFENSE—EVIDENCE.

In action for assault and battery by creditor upon his debtor, evidence *held* insufficient to justify submission to jury of the special issue of self-defense.

3. APPEAL AND ERROR ⟨Key⟩1048(5) — HARMLESS ERROR—QUESTION TO WITNESS.

Where plaintiff, suing for assault and battery, emphatically stated he had had no fights, in answer to interrogatory as to how many fights he had had since he had been in the city, overruling of plaintiff's objection to interrogatory was harmless to him.

4. EVIDENCE ⟨Key⟩129(5) — WITNESSES ⟨Key⟩ 275(6)—OTHER DIFFICULTIES.

In action for assault and battery, it would not have been proper to admit testimony, even on plaintiff's cross-examination, with reference to difficulties he might have had with other persons in no manner connected with defendant, and at other times.

5. ASSAULT AND BATTERY ⟨Key⟩38—MEASURE OF DAMAGES.

In reaching amount of damages sustained through assault and battery, jury should consider physical and mental pain and suffering, reasonable value of surgical aid made necessary, reasonable value of medicine, etc., and necessary loss of time.

6. ASSAULT AND BATTERY ⟨Key⟩38—DAMAGES —PERMANENT INJURY.

In action for assault and battery, if evidence raises issue of permanent injury, and shows diminished capacity or ability on plaintiff's part by reason of the assault, such elements should be considered as element of actual damages.

7. ASSAULT AND BATTERY ⟨Key⟩39—PUNITORY DAMAGES.

In action for assault and battery, if evidence shows assault was willful and unprovoked, jury may allow such sum by way of punitory or exemplary damages as they may think proper.

8. ASSAULT AND BATTERY ⟨Key⟩40—PROVOCATION—AMOUNT OF DAMAGES.

In determining damages, either actual or exemplary, to be awarded plaintiff for an assault and battery, jury may consider manner and conduct of plaintiff toward defendant at time of assault, and, if they amount to provocation, his damages, actual, exemplary, or both, should be reduced to proper sum.

Appeal from District Court, Nacogdoches County; L. D. Guinn, Judge.

Suit by J. Thomas Hall against S. B. Hayter. From a judgment for defendant, plaintiff appeals. Reversed, and cause remanded.

Harris & Harris, of Nacogdoches, for appellant.

S. W. Blount and S. W. Adams, both of Nacogdoches, for appellee.

HIGHTOWER, C. J. The appellant, J. Thos. Hall, sued appellee, S. B. Hayter, in the district court of Nacogdoches county to recover damages, both actual and exemplary, alleged to have been sustained in consequence of an assault and battery committed upon appellant by appellee. Actual damages were claimed in the sum of $2,500, and exemplary damages in the sum of $5,-000.

Appellee answered by general demurrer, general denial, and by special plea of self-defense. The case was tried with a jury, and was submitted on special issues, and resulted in a verdict and judgment for appellee. After the verdict was in, appellant moved the court for judgment in his favor, notwithstanding the verdict, which was adverse to him, and this motion was overruled, and appellant excepted, and assigns error in that connection.

[1] This assignment of error will, of course, be overruled, for the reason that the court could not have entered judgment in favor of appellant upon the verdict, which was wholly adverse to him. The practice of entering a judgment non obstante veredicto, if it ever existed in Texas, has long since become obsolete, and therefore the court did not err in refusing this motion.

[2] Among other errors assigned by appellant is that directed against the action of the court in submitting to the jury, by one of the special issues, appellee's plea of self-defense; the complaint in this connection being that there was no evidence upon which to base such an issue, and none which would authorize a finding by the jury in favor of appellee on that plea.

The plea of self-defense was submitted by the trial court in the form of a special issue for the finding of the jury, over the protest and objection of appellant, and the jury found that appellee, in committing the assault and battery which he did commit upon appellant, was acting in his own self-defense. After a very careful investigation and consideration of the entire evidence found in the record, we have concluded that there was none authorizing the submission of that issue to the jury, and, therefore, appellant's assignment, complaining of the court's action in submitting that issue, must be sustained.

⟨Key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

There is no contention whatever that appellant struck, or attempted to strike, appellee immediately before or at the time appellee assaulted and struck appellant, nor is there any evidence on the part of appellee, or any one else, that appellee even thought or expected that appellant was about to assault him or injure him in any manner; indeed, the appellee does not even say that he apprehended that appellant intended to assault him, but he does say that he was angry on account of the insulting manner and conduct on the part of appellant at the time of the assault, and that he also supposed that appellant was angry at the time, and under such circumstances he committed the assault and battery upon appellant, which is made the foundation of this suit. It seems from the record that appellant owed appellee money, and had gone to appellee's private office for the purpose, as appellant says, of paying this debt, and that a controversy arose between him and appellee about the exact amount that was due, and there was some colloquy between them about this matter, which resulted in appellee striking appellant. But the evidence fails to disclose that appellant at any time struck appellee, and there is nothing in the evidence to indicate that appellant, by act or word at the time of the assault, did or said anything which was reasonably calculated to indicate to appellee that he was then in immediate danger of being assaulted by appellant. This being true, there was no basis in the evidence for the issue of self-defense, as submitted by the court, and it was error on the part of the court to submit such issue.

If, upon another trial, the plea of self-defense shall be insisted upon, and if the evidence should be such as to warrant a submission of that issue to the jury, the correct rule of law applicable, and which will guide the court in the submission of the issue, will be found announced in the following cases: Railway Co. v. Pettit, 47 Tex. Civ. App. 354, 105 S. W. 42; Railway Co. v. Jopes, 142 U. S. 21, 12 Sup. Ct. 109, 35 L. Ed. 919; Chapman v. Hargrove, 204 S. W. 379. The rule announced in those cases is so clearly stated that no further elucidation is necessary at our hands.

[3, 4] There is another assignment by appellant, to the effect that the court erred in permitting appellee's counsel to receive answers to the following interrogatory, while appellant was on the stand as a witness:

"How many fights have you had since you have been here in Nacogdoches?"

This interrogatory and the answer thereto were objected to by appellant on the ground that it was improper, irrelevant, and immaterial, and the court overruled such objection. No harm resulted to appellant by this ruling, as is manifest from the record, because in answer to this interrogatory appellant emphatically stated that he had had no fights as inquired about. As a legal proposition, however, it would not be proper to admit testimony, even on cross-examination of the plaintiff himself, with reference to difficulties that he might have had with other persons in no manner connected with the defendant sought to be charged, and at other and different times. There may be instances where it would become material to show the general reputation of the plaintiff in an action of this kind for violence, etc., where the plea of self-defense is interposed, as here, and there should be evidence warranting a submission of that issue to the jury, but there is quite a difference between proof of general reputation on the part of a plaintiff in actions of this character and the proof of specific and disconnected transactions and difficulties. We have said this much in order that this ground of complaint might be avoided if another trial should be had.

[5-8] If upon another trial the status of the evidence should be the same, or substantially so, then the trial court might correctly instruct the jury that the assault and battery here complained of was not wholly justified, and the issue of self-defense should not be submitted; but in such event, the only issues for the determination of the jury would be the amount of actual damages to be awarded to the plaintiff, which he sustained directly and naturally in consequence of the assault and battery committed upon him, and in arriving at this, the physical and mental pain and suffering that was caused by the assault, the reasonable value of surgical aid that was made necessary in the treatment of the plaintiff, the reasonable value of medicines, etc., if any, that were made necessary by reason of the assault, and the necessary loss of time occasioned to plaintiff in consequence of his injuries, would all be taken into consideration, all of which the court will doubtless find no difficulty in correctly submitting for the jury's determination. And also, if the evidence should be such as to raise an issue of permanent injury, by reason of the assault and battery, and should show diminished capacity or ability on the part of plaintiff, by reason of such assault and battery, then that should also be submitted and considered as an element of actual damages. And, further, if the evidence should be such as to show that the assault on the plaintiff was willful and unprovoked, then the jury should be instructed that they may in the exercise of their discretion, allow such a sum by way of punitory or exemplary damages as they might think proper under the facts and circumstances. The jury should also be instructed, however, that in determining the amount of

damages to be awarded the plaintiff, either actual or exemplary, they might take into consideration the manner and conduct of the plaintiff towards defendant at the time of the assault, and if his manner and conduct were such as in the opinion of the jury amounted to a provocation on his part in bringing about the difficulty, then his damages, actual or exemplary, or both, should be reduced to such sum as in the opinion of the jury might seem proper.

There are no further assignments, a discussion of which would seem necessary. But for the error of the court in submitting the issue of self-defense, the judgment is reversed, and the cause remanded.