## FOUR BROTHERHOOD OIL CO. v. KELLEY et al. (No. 9664.)*

(Court of Civil Appeals of Texas. Fort Worth. June 11, 1921. Rehearing Denied Oct. 15, 1921.)

**1. Mines and minerals ☞77—Lease may be forfeited for breach of covenants for development or for abandonment.**

An oil lease may be forfeited on the ground of a breach of its covenants for development, or because of an abandonment.

**2. Trial ☞365(3)—Special verdict conclusive, unless set aside, though contrary to undisputed evidence.**

Where a case is tried upon the submission of special issues under Vernon's Sayles' Ann. Civ. St. 1914, art. 1982, the answer of the jury, unless set aside, is conclusive as between the parties as to facts found, under article 1986, even though the verdict is contrary to the undisputed evidence.

**3. Appeal and error ☞754(1)—Appellant, not assigning error to refusal to set aside special verdict, cannot complain that findings are unsupported by evidence.**

An appellant who fails to assign error to the action of the court in refusing to set aside a special verdict under Vernon's Sayles' Ann. Civ. St. 1914, art. 1990, cannot complain of the judgment on the ground that the findings are unsupported by the evidence.

Appeal from District Court, Wichita County; E. W. Napier, Judge.

Suit by Sam Kelley and others against the Four Brotherhood Oil Company Judgment for plaintiffs, and defendant appeals. Affirmed.

F. B. Martin, of Longview, for appellant.

Weeks, Morrow, Francis & King, of Wichita Falls, for appellees.

CONNER, C. J. The question in this case is whether appellants have lost the rights secured by a certain oil lease upon lands described in appellees' petition. The lease under which appellants claim is, for the most part, in a familiar form, but contains, among other obligations on the part of the lessees, the following:

"Lessees, in consideration of this grant, agree to begin the actual drilling of a well for oil and gas upon the above-described premises within six months from the date hereof, and from that date to prosecute the drilling of said well with due diligence until a depth of 850 feet is reached, unless oil or gas in paying quantities is discovered at a lesser depth. If said first well be dry, then within 30 days from the date said well is completed the drilling of a second well shall be begun and prosecuted in like manner with the above, and so on, with not more than 30 days' intervals between the completion of one well and the beginning of another until oil or gas is found in paying quantities on said premises. If oil or gas in paying quantities is found on said premises in either of said first wells, or any of the subsequent wells, then the development of the herein leased premises shall be continued with reasonable diligence until said property is fully developed, and failure to carry out the drilling obligation herein provided for shall terminate this lease and the rights granted hereunder shall be forfeited to lessors; provided, however, that in case of forfeiture there shall be reserved to lessees each producing well on said premises, together with enough territory immediately surrounding same to enable lessees to operate said producing wells."

It was alleged in behalf of appellees that the lease had been forfeited by reason of a failure to comply with the requirements quoted, and this, it seems, was the only issue contested below. The trial was before a jury, and the court submitted the following special issue:

"Special issue No. 1: Find whether or not the defendants prosecuted the drilling of the third well upon the lease property in question with due diligence as required by the terms of the lease contract."

To this issue the jury answered, "No."

No other issue having been submitted, judgment was rendered for appellees, and the defendants have appealed.

[1] That a mineral lease may be forfeited on the ground of a breach of its covenants for development or because of an abandonment is too well settled to require discussion. Grubb v. McAfee, 109 Tex. 527, 212 S. W. 464; Hall v. McClesky, 228 S. W. 1004, and authorities therein cited. Appellants do not question this proposition. The only assignment presented in their brief is the following: "Because the judgment is wholly unsupported by the evidence."

[2] Appellants insisted on the oral submission of the cause that an injustice had been done them. Appellees, however, object to the consideration of the assignment of error, but, aside from its general character, we think it must be overruled. Under our practice verdicts are either general or special. See article 1982, V. S. Tex. Civ. Statutes. Where a case is tried upon the submission of special issues, the answer of the jury, unless set aside, is conclusive as between the parties as to the facts found. See article 1986. And this is true even though the verdict may be contrary to the undisputed evidence. Waller v. Liles, 96 Tex. 21, 70 S. W. 17.

[3] It may be noted that the assignment under consideration makes no attack upon the issue submitted nor upon the answer of the jury thereto. It was the trial court's duty, therefore, upon the incoming of the verdict in this case, to either set aside the verdict because unsupported by the evidence or to render judgment thereon. See article

1990, V. S. Tex. Civ. Stats. The judgment must therefore be here sustained, unless it becomes our duty to set aside the verdict. This we cannot do, for the reason that appellants' assignment is not an attack upon the verdict. In such cases, as has frequently been held, a party on appeal who fails to assign error to the action of the court in refusing to set aside a special verdict cannot complain of the judgment on the ground that the findings are unsupported by the evidence. See Blackwell v. Vaughn, 176 S. W. 912; Scott v. F. & M. National Bank, 66 S. W. 485; Smith v. Hessey, 63 Tex. Civ. App. 478, 134 S. W. 256, writ of error denied. In the case last cited, the following from the opinion in the case of Scott v. Bank, supra, was quoted with approval:

"It seems quite clear that, when a special verdict has been returned which entitles one of the litigants to a judgment, there are but two alternatives for the trial court. One is to set aside the verdict and grant a new trial, and the other is to render judgment upon and in conformity with the verdict. If the verdict is not supported by the testimony, what is the remedy of the party dissatisfied with it? * * * Can such dissatisfied party remain inactive, and on appeal complain of the verdict or the failure of the court to set it aside of its own motion? Clearly not, because it is not the duty of any court to set aside a verdict unless requested so to do. * * * The law charges the party against whom the jury finds the facts with the knowledge of the fact that the verdict is contrary to his success, and that, unless he secures its removal, it will be followed by a judgment against him, regardless of what the evidence may be. This being the case, he must not only ask the trial court to set the verdict aside, but, if on appeal he seeks to complain on account of the verdict, he must do so under an assignment of error addressed to the action of the court in refusing to set it aside and grant a new trial."

We conclude that appellants' assignment of error must be overruled and the judgment affirmed.