## DOWD v. KLOCK. (No. 2406.) *

(Court of Civil Appeals of Texas. Amarillo. Dec. 3, 1924. Rehearing Denied Jan. 21, 1925.)

I. **Contracts** &#9665;=&#62;346(3)—**Plea of total failure of consideration includes partial failure, which is defense pro tanto.**

Plea of total failure of consideration includes partial failure, which is defense pro tanto.

2. **Judgment** &#9665;=&#62;198—**Findings of jury on special issues raised by pleadings and evidence are binding on trial judge.**

In case submitted to jury on special issues raised by pleadings and evidence, findings of jury in answer thereto are binding on trial court, and he must either render judgment following findings, or grant new trial.

3. **Contracts** &#9665;=&#62;354—**Findings of no fraud and of partial failure of consideration held conflicting and irreconcilable.**

Where defendant set up facts on which he relied to constitute fraud and made alleged fraud basis of plea of failure of consideration, special finding that there was partial failure of consideration to extent of 38 per cent. was equivalent to finding that, to extent of 38 per cent., there was fraud in contract, and it conflicted, and was irreconcilable, with finding of no fraud.

4. **Judgment** &#9665;=&#62;199(1)—**Judgment on conflicting findings held non obstante veredicto and erroneous.**

Where issues on which conflicting and irreconcilable findings were made were raised by pleadings and evidence, judgment entered in accordance with one of such findings was non obstante veredicto and erroneous.

On Motion for Rehearing.

5. **Judgment** &#9665;=&#62;198—**Judgment must be entered on special verdict.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1990, where special verdict is rendered, court must, unless it is set aside and new trial is granted, render judgment thereon.

6. **Judgment** &#9665;=&#62;256(2)—**Judgment held not to follow verdict.**

Where issue of partial failure of consideration was pleaded and submitted and jury found partial failure to extent of 38 per cent., such amount should have been deducted from sum plaintiff recovered, and judgment in which amount so found was not deducted did not follow verdict.

Appeal from District Court, Potter County; Henry S. Bishop, Judge.

---

Action by Geo. W. Klock against J. C. Dowd. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

B. Frank Buie, of Hereford, and Madden, Adkins & Pipkin, of Amarillo, for appellant.

P. F. Sapp, of Amarillo, for appellee.

JACKSON, J. This suit was instituted in the district court of Potter county, Tex., by Geo. W. Klock, plaintiff, against J. C. Dowd, defendant, on three promissory notes numbered 1, 2, and 3, each in the principal sum of $787.92, dated August 6, 1921, each bearing interest at the rate of 10 per cent. per annum, executed by defendant and payable to Geo. W. Klock Motor Company at Amarillo, Tex., October 1st, November 1st, and December 1st, respectively, in 1921, and providing for 10 per cent. attorney's fees. Plaintiff alleged that he was the owner of the notes by proper indorsement, and that defendant was entitled to certain credits which had been given, leaving a balance due plaintiff of $1,107, with interest and attorney's fees.

Defendant answered by general demurrer, general denial, and specially pleaded: That at and prior to the time of the execution of said notes, plaintiff, who was a member of the copartnership of Geo. W. Klock Motor Company, sought to arrange with defendant to act as subagent for Case automobiles in Randall county, Tex.; that defendant, as subagent, was to sell said automobiles at list price, which included a sufficient sum to cover freight, war tax, and a reasonable compensation to subagents; that it was agreed at the time that defendant would receive the automobiles at Amarillo, pay the freight and war tax, keep them insured and stored in the Kuhn garage at Canyon, Tex., until the cars were either sold to purchasers, or returned to said motor company; that, at the time the defendant received the automobile for which the notes in question were given, plaintiff represented that the notes were not taken as evidence of the sale, but were executed by defendant, and were to be held by the motor company as receipts for said automobile; that said notes were not to be negotiated or otherwise disposed of by said company; that it was further agreed orally, between the said parties prior to the execution of said notes, that any time defendant should sell said automobile at the agreed price the notes would be taken care of out of the consideration received for said car, but, if defendant should be unable to sell said automobile, he should have the right to return it to said motor company, and the notes should be canceled and surrendered; that defendant at all times understood that he was not to be liable on said notes, and that, upon such representations, he signed and delivered them, understanding he had the right to return the car to said motor company, and lose what he had paid; that the automobile for which the notes were given was a demonstrator which plaintiff agreed to furnish under said arrangement; that defendant was unable to sell said demonstrator, and on or about June 1, 1922, plaintiff agreed to a cancellation of said subagency contract, and the defendant returned the demonstration car to plaintiff, but plaintiff failed and refused to cancel and surrender said notes; that said notes were intended for, and to be held as, receipts for the automobile; that the intention and agreement of the parties was that the notes would not be binding obligations; that said representations were made by plaintiff to defendant for the fraudulent purpose and intention of inducing defendant to execute said notes, the plaintiff, at the time intending not to carry out said agreement, but to subsequently claim the unconditional liability of defendant on said notes; that, by reason of said fraudulent inducement and representation, upon which he relied, defendant was induced to execute said notes, and but for which he would not have signed and delivered said notes.

Defendant further alleges that the written instruments sued upon are without consideration; that the consideration has already failed by reason of the matters thereinbefore set forth.

Plaintiff filed a supplemental petition, alleging: That on February 1, 1921, by the terms of a written contract entered into between the Geo. W. Klock Motor Company and defendant, the defendant agreed to buy three new Case automobiles from said Geo. W. Klock Motor Company, one to be delivered in April, one in June, and one in July, 1921, f. o. b. the cars at Racine, Wis., at the current list price, less 15 per cent.; that, under said contract, one of said cars was delivered to defendant about April 5, 1921, for the agreed price of $2,587.50, to be paid $260.50 in cash, and the balance in three notes for the sum of $775 each, payable the 1st day of July, August, and September, respectively, 1921, secured by a chattel mortgage against the car; that defendant defaulted in the payment of the notes due the 1st of July and August, and executed and delivered the three notes sued upon in payment and renewal of principal and interest on the original notes; that defendant failed and refused to buy the other two cars under said contract, and defaulted in the payment of said renewal notes, and induced the plaintiff to sell the car in controversy for the defendant; that he (plaintiff) was to act solely as defendant's agent in the sale of said car, and that the sale was made by plaintiff for the sum of $1,600, and by agreement said $1,600 was applied on said notes; that said car was purchased outright by defend-

ant, and he was the owner thereof, subject to plaintiff's mortgage, etc.

The case was submitted on special issues, in response to which the jury found: That the three original notes, which were renewed by the notes sued on, were given unconditionally in part payment for the automobile involved in the suit, and were not given conditionally as receipts; that at the time the original notes were given the plaintiff did not state to the defendant that the notes should not be binding obligations; that plaintiff intended, at the time the notes were given, that they should be unconditionally binding upon the defendant, and the defendant knew that plaintiff so intended; that plaintiff and defendant did not agree that said notes should not be binding, unless the defendant should sell the automobile; that they did not agree that defendant, if unable to sell said car, could return it to the Geo. W. Klock Motor Company, and have his notes canceled and delivered to him; that, in the transaction by which the car was sold by plaintiff to S. H. Wright, the car was sold as the property of the defendant; that the price and terms of said sale were not known or consented to by defendant; that there was a consideration for the execution and delivery of the notes; and that the consideration had not entirely failed. In response to special issues submitted by the court, at the request of plaintiff, the jury found that the car delivered to the defendant was sold and delivered under the terms, and in compliance with the written agreement between the parties dated February 1, 1921; that the plaintiff did not induce the defendant to sign the notes by fraudulent representations; and that the three original notes were executed and delivered in part payment for said automobile.

In addition to the above issues submitted to the jury and found as above stated, the court in his main charge submitted to the jury the following questions:

"Has such consideration, if any, failed partially?" "To what extent, expressed in percentage, has such consideration, if any, failed, if it has failed to any extent?"

To these questions the jury answered that the consideration had failed to the extent of 38 per cent. Upon these findings of the jury the court entered judgment for the appellee.

By proper assignments appellant challenges the correctness of the action of the trial court in entering judgment for appellee upon the answers of the jury to the special issues submitted, and presents the error assigned under several propositions which may be combined into the following: First, that the pleading and evidence having raised the issue of failure of the consideration as to the notes sued on, and the jury having found a partial failure of consideration, the court

committed error in rendering judgment for the plaintiff; second, that, in a case where the jury makes a specific finding on material and controverted issues raised by the pleadings and evidence, the court cannot arbitrarily disregard such finding and enter judgment contrary thereto.

The appellant, in his answer, bases his plea of failure of consideration upon the alleged fraud of plaintiff in representing to the defendant and agreeing with him, at and prior to the delivery of the automobile, and execution and delivery of the notes, that the notes were not to be taken as the evidence of a sale, but were to be executed by defendant, and held by the Klock Motor Company as receipts for the automobile; that said notes were not to be negotiated or otherwise disposed of; that, if at any time defendant should sell said car, the notes should be taken care of out of the consideration received for the car, and, if defendant was unable to sell said automobile, he would return the car, and his notes would be canceled and surrendered, and defendant would not be liable thereon. After setting up the facts which constitute the alleged fraud, the defendant pleaded that the consideration for the written instruments sued on had wholly failed by reason of the matters he had theretofore pleaded.

[1] That the plea of a total failure of consideration includes a partial failure, and is a defense pro tanto, is settled by the decisions of this state. Gutta Percha & Rubber Mfg. Co. v. City of Cleburne, 102 Tex. 36, 112 S. W. 1047; Alba-Malakoff Lignite Co. v. Hercules Powder Co. (Tex. Com. App.) 235 S. W. 547.

[2] In a case submitted to a jury on special issues, if the issues submitted are raised by the pleading and evidence, the findings of the jury in answer to such issues are binding upon the trial court, and he must either render a judgment following the findings of the jury, or grant a new trial. Armstrong v. Hix, 107 Tex. 194, 175 S. W. 430; Garner v. Riley (Tex. Civ. App.) 238 S. W. 953; Mason v. Gantz (Tex. Civ. App.) 226 S. W. 435.

[3] Fraud may constitute a failure of consideration. In this case the defendant set up the facts on which he relied to constitute fraud, and made the alleged fraud the basis of his plea of failure of consideration. In response to the issues submitted by the court covering the allegations of fraud, the jury found in favor of appellee that there was no fraud, and in response to the issue of partial failure of consideration, they found that to the extent of 38 per cent. the consideration had failed.

If the jury had found, in response to the issue submitting a total failure of consideration that the consideration had entirely failed, the conflict in such findings would be

manifest, because, under the allegations, the fraud alleged constituted the failure of consideration, and the answers of the jury would have been equivalent to one finding that there was no fraud, and, in another finding that there was fraud. The jury having found that to the extent of 38 per cent. there was a partial failure of consideration is equivalent to a finding that to the extent of 38 per cent. there was fraud in the contract. These findings of the jury are in our opinion conflicting, and are irreconcilable. The counter propositions submitted by appellee are overruled.

[4] The issues upon which the conflicting findings were made having been raised in the pleadings and by the evidence, the judgment entered was non obstante veredicto and therefore erroneous. Hall v. Hayter (Tex. Civ. App.) 209 S. W. 436; Texas & Pacific Ry. Co. v. Jones et al. (Tex. Civ. App.) 196 S. W. 358.

For the error of the court in rendering judgment for the plaintiff, the case is reversed and remanded.

### On Motion for Rehearing.

The appellee in his motion for rehearing urges again the counter propositions presented in his brief upon which he relied for the affirmance of the judgment of the trial court, and insists that this court 'was in error in holding that the findings of the jury, that the consideration for the notes had failed to the extent of 38 per cent., was in conflict with the findings of the jury, that there was no fraud, and required a reversal of the judgment, because appellee says there may be a failure of consideration under proper pleading without fraud, and the finding of the jury that there was a partial failure of consideration, was not a finding that there was fraud, especially after the jury had found there was no fraud.

It is true that under a proper pleading there could be failure of consideration without fraud, but it is also true that fraud may constitute a failure of consideration; and, as we understand the pleadings of appellant, he alleged the fraudulent agreements, acts, and conduct of appellee as' a defense to the notes sued on, and alleged that the agreements, acts, and conduct of appellee disclosed a total failure of consideration. Therefore the facts alleged constituted the failure of consideration as pleaded. The pleading of total failure of consideration includes a partial failure, and we concluded that the finding of the jury that there was a failure of consideration to the extent of 38 per cent. was irreconcilable with their finding that there was no fraud. Stoker v. Fugitt et al. (Tex. Civ. App.) 102 S. W. 743; First National Bank of Amarillo et al. v. Rush (Tex. Com. App.) 246 S. W. 349; Pullman Co. v.

Castleberry et al. (Tex. Civ. App.) 251 S. W. 518.

[5] Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1990, the court—

"Where a special verdict of the jury is rendered * * * shall, unless the same be set aside and a new trial granted, render judgment thereon."

In Four Brotherhood Oil Co. v. Kelley et al. (Tex. Civ. App.) 235 S. W. 604, the court says:

"Where a case is tried upon the submission of special issues, the answer of the jury, unless set aside, is conclusive as between the parties as to the facts found. See article 1986. And this is true, even though the verdict may be contrary to the undisputed evidence. Waller v. Liles, 96 Tex. 21, 70 S. W. 17."

[6] If we were in error in holding that the findings of the jury were in conflict, then it follows, inasmuch as the issue of partial failure of consideration was pleaded and submitted, that the jury found from the evidence that the facts pleaded and testified to by appellant did not constitute fraud, but did constitute a partial failure of consideration to the extent of 38 per cent. which amount should have been deducted from the sum appellee recovered, and the judgment for that reason did not follow the verdict.

Motion overruled.