## KLOCK v. DOWD. (No. 752-4347.)

(Commission of Appeals of Texas, Section A. Feb. 17, 1926.)

**1. Sales ⚙➡354(5)—Buyer must allege that car sold was not as represented to tender issue of failure of consideration for purchase-money notes.**

In suit on notes for purchase price of automobile, there is no issue of failure of consideration without allegation that car was not as represented by seller.

**2. Bills and notes ⚙➡476(2)—Allegation in answer that consideration for notes had failed held demurrable, where facts did not tender such issue.**

In suit on notes, allegation in answer that consideration for notes had failed *held* demurrable, where facts alleged did not tender issue of failure of consideration.

**3. Judgment ⚙➡199(1)—Judgment rendered on material special issues, ignoring finding on immaterial issue, held not rendition of judgment non obstante veredicto.**

In suit on notes, where issue of failure of consideration was not raised, and no evidence introduced to support such issue, it was immaterial, and judgment of court rendered on verdict of jury on material special issues, ignoring finding on such immaterial issue, was not rendition of judgment non obstante veredicto.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by George W. Klock against J. C. Dowd. Judgment for plaintiff in the district court was reversed and remanded by the Court of Civil Appeals (268 S. W. 234), and plaintiff brings error. Judgment of the Court of Civil Appeals reversed and that of the district court affirmed.

P. F. Sapp, of Amarillo, for plaintiff in error.

B. Frank Buie, of Hereford, and Madden, Adkins & Pipkin, of Amarillo, for defendant in error.

BISHOP, J. We adopt the statement made in the opinion of the Court of Civil Appeals (268 S. W. 234), as follows:

"This suit was instituted in the district court of Potter county, Tex., by Geo. W. Klock, plaintiff, against J. C. Dowd, defendant, on three promissory notes numbered 1, 2, and 3, each in the principal sum of $787.92, dated August 6, 1921, each bearing interest at the rate of 10 per cent. per annum, executed by defendant, and payable to Geo. W. Klock Motor Company at Amarillo, Tex., October 1st, November 1st, and December 1st, respectively, in 1921, and providing for 10 per cent. attorney's fees. Plaintiff alleged that he was the owner of the notes by proper indorsement, and that defendant was entitled to certain credits which had been given, leaving a balance due plaintiff of $1,107, with interest and attorney's fees.

"Defendant answered by general demurrer, general denial, and specially pleaded: That at and prior to the time of the execution of said notes plaintiff, who was a member of the copartnership of Geo. W. Klock Motor Company, sought to arrange with defendant to act as subagent for Case automobiles in Randall county, Tex.; that defendant, as subagent, was to sell said automobiles at list price, which included a sufficient sum to cover freight, war tax, and a reasonable compensation to subagents; that it was agreed at the time that defendant would receive the automobiles. at Amarillo, pay the freight and war tax, keep them insured and stored in the Kuhn garage at Canyon, Tex., until the cars were either sold to purchasers, or returned to said motor company; that, at the time the defendant received the automobile for which the notes in question were given, plaintiff represented that the notes were not taken as evidence of the sale, but were executed by defendant, and were to be held by the motor company as receipts for said automobile; that said notes were not to be negotiated or otherwise disposed of by said company; that it was further agreed orally, between the said parties prior to the execution of said notes, that any time defendant should sell said automobile at the agreed price the notes would be taken care of out of the consideration received for said car, but, if defendant should be unable to sell said automobile, he should have the right to return it to said motor company, and the notes should be canceled and surrendered; that defendant at all times understood that he was not to be liable on said notes; and that, upon such representations, he signed and delivered them, understanding he had the right to return the car to said motor company 'and lose what he had paid; that the automobile for which the notes were given was a demonstrator which plaintiff agreed to furnish under said arrangement; that defendant was unable to sell said demonstrator, and on or about June 1, 1922, plaintiff agreed to a cancellation of said subagency contract, and the defendant returned the demonstration car to plaintiff, but plaintiff failed and refused to cancel and surrender said notes; that said notes were intended for, and to be held as, receipt for the automobile; that the intention and agreement of the parties was that the notes would not be binding obligations; that said representations were made by plaintiff to defendant for the fraudulent purpose and intention of inducing defendant to execute said notes, the plaintiff, at the time intending not to carry out said agreement, but to subsequently claim the unconditional liability of defendant on said notes; that, by reason of said fraudulent inducement and representation, upon which he relied, defendant was induced to execute said notes, and but for which he would not have signed and delivered said notes.

"Defendant further alleges that the written instruments sued upon are without consideration; that the consideration has already failed by reason of the matters thereinbefore set forth.

"Plaintiff filed a supplemental petition, alleging: That on February 1, 1921, by the terms of a written contract entered into between the Geo. W. Klock Motor Company and defendant,

the defendant agreed to buy three new Case automobiles from said Geo. W. Klock Motor Company, one to be delivered in April, one in June, and one in July, 1921, f. o. b. the cars at Racine, Wis., at the current list price, less 15 per cent.; that, under said contract, one of said cars was delivered to defendant about April 5, 1921, for the agreed price of $2,587.50, to be paid $260.50 in cash, and the balance in three notes for the sum of $775 each, payable the 1st days of July, August, and September, respectively, 1921, secured by a chattel mortgage against the car; that defendant defaulted in the payment of the notes due the 1st of July and August, and executed and delivered the three notes sued upon in payment and renewal of principal and interest on the original notes; that defendant failed and refused to buy the other two cars under said contract, and defaulted in the payment of said renewal notes, and induced the plaintiff to sell the car in controversy for the defendant; that he (plaintiff) was to act solely as defendant's agent in the sale of said car, and that the sale was made by plaintiff for the sum of $1,600, and by agreement said $1,600 was applied on said notes; that said car was purchased outright by defendant, and he was the owner thereof, subject to plaintiff's mortgage, etc.

"The case was submitted on special issues, in response to which the jury found: That the three original notes, which were renewed by the notes sued on, were given unconditionally in part payment for the automobile involved in the suit, and were not given conditionally as receipts; that at the time the original notes were given the plaintiff did not state to the defendant that the notes should not be binding obligations; that plaintiff intended, at the time the notes were given, that they should be unconditionally binding upon the defendant, and the defendant knew that plaintiff so intended; that plaintiff and defendant did not agree that said notes should not be binding, unless the defendant should sell the automobile; that they did not agree that defendant, if unable to sell said car, could return it to the Geo. W. Klock Motor Company, and have his notes canceled and delivered to him; that, in the transaction by which the car was sold by plaintiff to S. H. Wright, the car was sold as the property of the defendant; that the price and terms of said sale were not known or consented to by defendant; that there was a consideration for the execution and delivery of the notes; and that the consideration had not entirely failed. In response to special issues submitted by the court, at the request of plaintiff, the jury found that the car delivered to the defendant was sold and delivered under the terms, and in compliance with the written agreement between the parties dated February 1, 1921; that the plaintiff did not induce the defendant to sign the notes by fraudulent representations; and that the three original notes were executed and delivered in part payment for said automobile.

"In addition to the above issues submitted to the jury and found as above stated, the court in his main charge submitted to the jury the following questions:

" 'Has such consideration, if any, failed partially?'

" 'To what extent, expressed in percentage, has such consideration, if any, failed, if it has failed to any extent?'

"To these questions the jury answered that the consideration had failed to the extent of 38 per cent. * * *"

Notwithstanding the finding of the jury that the consideration for which the notes sued on were given had failed to the extent of 38 per cent., the trial court rendered judgment for their full amount, less the credits thereon. This finding of the jury was ignored by the court. Unless this finding is immaterial to any issue presented in the case, the action of the court in rendering judgment in favor of the plaintiff for the amount sued for is erroneous. The Court of Civil Appeals reversed the judgment and remanded the cause, holding that failure of consideration was a material issue in the case, and plaintiff here contends that this holding is erroneous.

The plaintiff in his pleading alleged that the notes were executed in part payment for an automobile sold and delivered to defendant by George W. Klock Motor Company. There was no allegation contained in defendant's answer that the automobile was not as represented by George W. Klock Motor Company, but the effect of his answer is that there was no sale as alleged by the plaintiff; that he was merely acting as an agent of the motor company in an effort to sell the car for them; and that the notes were executed as a receipt only, with the agreement that, should he succeed in selling the car, the amount recited in the notes, together with the interest therein stated, should be the amount which, under his agency agreement, defendant would be required to turn over to the motor company, and, if no sale was made, he was to return the automobile, which was delivered to him for the purpose of sale.

[1-3] If, as alleged by plaintiff, the car was sold to defendant, and notes executed in part payment therefor, it was necessary for the defendant, in order to tender the issue of failure of consideration, to allege that the car sold was not as represented by plaintiff. Otherwise there could be no failure of consideration. If, as alleged by defendant in his answer, the notes were executed only for the purpose of securing the price the plaintiff should receive in case the car should be sold under the agency contract, or the return of the car, if not sold, the return of the car was a full compliance with the agreement, and satisfied and discharged the notes sued on. It is true the defendant alleged in his answer that the consideration for the notes has wholly failed by reason of the facts alleged therein. However, the facts alleged by him do not tender an issue of failure of consideration, and for this reason his assertion that the consideration for which the notes were executed had failed was subject to general demurrer, which was urged by the plaintiff. There being no issue joined which would warrant the trial court in submitting the issue of failure of consideration, and no evidence introduced to support such issue,

this issue was immaterial, and the judgment of the court rendered on the verdict of the jury on material special issues, ignoring the finding on this immaterial issue, does not subject the judgment to the criticism that it was rendered non obstante veredicto. Johnson v. Breckenridge-Stephens Title Co. (Tex. Com. App.) 257 S. W. 223.

We recommend that the judgment of the Court of Civil Appeals be reversed, and that of the district court affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.