### BURKS v. NEUTZLER. (No. 443.)*

(Court of Civil Appeals of Texas. Waco. Dec. 9. 1926. Rehearing Denied Jan. 6, 1927.)

1. **Exchange of property �kö=>8(1) — Findings that defendant's attorney told plaintiff's representatives there was no use trying to perfect title held not to entitle plaintiff to liquidated damages for breach of exchange contract.**

In action for liquidated damages for breach of contract to exchange lands, jury's special findings that defendant's attorney told plaintiff's agent and attorney that there was no use to make any further effort to perfect title, because time limit had expired, and defendant would not carry out contract, held not to entitle plaintiff to verdict, in absence of allegation or testimony that plaintiff, his agent, or attorney ceased trying to perfect title because of such statements, and in view of allegation that he not only cured every objection raised, but that defendant's attorney waived them.

2. **Contracts ⊫=>147(1) — Ambiguous contract must be construed as parties intended.**

One of cardinal rules for construction of ambiguous contract is to construe it as parties intended.

3. **Specific performance ⊫=>96, 97(1)—Parties seeking specific performance of contract in sale of realty must tender performance.**

Parties seeking to enforce specific performance of contract in sale of real estate must tender performance.

4. **Vendor and purchaser ⊫=>130(1)—Purchaser need not take defective title or one not conforming to contract.**

Purchaser of realty is not required to take defective title or one not conforming to his contract to purchase.

5. **Exchange of property ⊫=>6—That notes assumed were not payable "on or before," as exchange contract required held material objection to title.**

That notes assumed by one party to contract for exchange of realty were not payable "on or before," as required by contract, held a material objection to title.

6. **Vendor and purchaser ⊫=>133—Making notes assumed payable on fixed date one to three years distant, or after 30 days written notice to holder, is not substantial compliance with land contract requiring payment "on or before."**

Where one purchases land on agreement that notes assumed are to be paid "on or before," it is not a substantial compliance with contract to make them payable on fixed, definite date from one to three years distant, or after 30 days' written notice to holder.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, On or Before.]

7. **Vendor and purchaser ⊫=>130(2)—Nonjoinder of vendor's wife, and absence of showing that property was not homestead, held material objections to title.**

That vendor's wife did not join him in sale of property, and there was no showing that it was not homestead property, held a material objection to title.

8. **Vendor and purchaser ⊫=>130(4)—Failure of independent executors, executing deeds to take oath, held material objection to title (Rev. St. 1925, arts. 3382, 3385).**

That independent executors, executing deeds, had not qualified by taking oath, as required by Rev. St. 1925, arts. 3382, 3385, held a material objection to title.

Appeal from District Court, Coryell County; Joe H. Eidson, Judge.

Action by R. P. Burks against A. J. Neutzler. Judgment for defendant, and plaintiff appeals. Affirmed.

S. R. Carruth, of Meridian, and McClellan & Cross, of Gatesville, for appellant.

S. J. Mings and Brown & Brown, all of Gatesville, for appellee.

BARCUS, J. This suit was instituted by appellant against appellee, seeking to recover $1,000 as liquidated damages, as provided for in a written contract for the exchange of lands which had been entered into by appellant and appellee. The cause was tried to a jury, submitted on special issues, and resulted in judgment being rendered denying appellant any relief.

Appellant alleged that he and appellee entered into a written contract for the exchange of real estate. Appellant was exchanging two sections of land in Castro county, with about $23,700 incumbrance against it, for 248 acres of land in Coryell county owned by appellee, free of incumbrance, and appellant

was to pay appellee $6,000 in cash. The contract provided that all of the indebtedness against the two sections of land in Castro county owned by appellant was payable "on or before." There was $5,416 principal and $1,140 interest on the notes which were being assumed by appellee on the Castro county land due November 1, 1925, and the remainder of the indebtedness was due from one to five years thereafter. The contract further provided:

"Each party here contracting agrees to furnish full and complete abstract of title to the property which he agrees to convey without delay. If, after examination of said abstracts, there shall appear any material objections to the same, then each of us agree that the party found with defective title shall immediately remedy such defect, and to provide for the remedying of such defect, should any be found, a period of 30 days' time is hereby granted as the maximum of time to be allowed for the perfecting of such title; this period of time being recognized by us, the contracting parties, as of the essence of this contract."

The contract further provided that the party who defaulted in fulfilling the agreement agreed "to pay in cash to the party not in default the sum of $1,000 as damages liquidated in full." The contract was dated September 21, 1925.

The record shows that appellee, the day after the contract was signed, delivered to appellant a complete abstract title to his 248 acres of land, which was approved by appellant. The record further shows that on October 10, 1925, appellant tendered to appellee abstracts to the two sections of land in Castro county, and same were promptly examined by appellee's attorney, and on October 13th the abstracts were returned to appellant with the attorney's objections to the title; said attorney having made 13 different objections thereto. Appellant alleged in his petition that some of said objections were material and some were immaterial, but that he promptly cured all of the objections that were made by appellee's attorney to said title, and that he again tendered to appellee and his attorney the corrected abstracts on November 10, 1925, and at the same time tendered to appellee a deed to his land, in accordance with said contract. He alleged that he in all things complied fully and completely with all the terms and conditions of said contract, but that appellee failed and refused to comply with his part thereof, and that by reason thereof he was entitled to recover the $1,000 as liquidated damages.

Appellee answered by some special exceptions, and specially denied that appellant at any time tendered him abstracts to his property showing a good title, or that he had in any way cured the material objections which had been pointed out by his attorney; and for special answer alleged that none of the objections were cured or attempted to be

cured until after the expiration of 30 days from the date of the contract, and that, as such time was of the essence of the contract, he was not required to accept same. By a supplemental petition appellant alleged that he had cured all of the defects and objections raised by appellee's attorney to his title, and that he not only cured same, but that appellee, through his attorney, waived all defects.

[1] The court submitted three issues to the jury. In answer to the first the jury found that appellee did not through his attorney waive any objections which he had made to appellant's title. In answer to the second and third issues the jury found that appellee's attorney, Mr. Brown, did on November 9, 1925, state, in substance, to appellant's agent that there was no use in his going to any further trouble or expense in trying to perfect the title because under his construction of the contract the time limit had expired and appellee would not carry out same, and that he, in substance, made the same statement to appellant's agent and attorney on November 10th.

Appellant contends that, in view of the answer of the jury to questions 2 and 3, he was entitled to a verdict for the $1,000 sued for. We overrule this contention. There is no intimation in the pleadings nor in the testimony that appellant, his agent, or attorney ceased in any way their efforts to perfect the title by reason of the statements which were made to them by Mr. Brown, the attorney for appellee. Appellant alleged specifically that he not only cured each and every objection raised by appellee's attorney, but that appellee's attorney waived them. Issues 2 and 3 were immaterial to any issue raised by either the pleadings or the evidence and should not have been submitted to the jury by the trial court, and the trial court was authorized in rendering his judgment to ignore same. Klock v. Dowd (Tex Com. App.) 280 S. W. 194; Miller v. Lemm (Tex. Com. App.) 276 S. W. 211; Johnson v. Breckenridge-Stephens Title Co. (Tex. Com. App.) 257 S. W. 223; Lee v. Lewis (Tex. Civ. App.) 287 S. W. 115.

[2] Appellee contends that under the wording of the contract appellant was required to furnish a complete abstract of title and correct all defects within 30 days from the date thereof, and that, since the corrected abstract was not returned until November 9th, which was 40 days thereafter, appellant for said reason alone is not entitled to recover. Appellee further contends that, since appellant did not correct the material objections which had been pointed out by his attorney to the title as tendered, he is not entitled to recover the penalty because he did not tender performance of his part of the contract. The trial court in rendering judgment for appellee did not state the ground on which he based his judgment. The testimony offered and letters written by ap-

pellant and his agent tended to show that all of the parties at the time the contract was entered into contemplated and expected that the trade would be closed and the title papers passed not later than November 1, 1925. Under the terms of the contract there was about $6,500 principal and interest due on the Castro county land on November 1st, which appellee was to pay, and, in order to obtain the money with which to pay the same, appellant was to borrow $6,000 on the land which he was getting from appellee and pay the same to appellee. The contract as written is perhaps somewhat ambiguous as to whether the 30 days for perfecting the title should be from the date of the contract, or from the date the objections thereto were made. One of the cardinal rules for the construction of an ambiguous contract is to construe same as the parties intended. Cooper Gro. Co. v. Rowntree (Tex. Civ. App.) 260 S. W. 333. The contract provided that the abstracts were to be delivered immediately. Appellant did not deliver his for 20 days. Appellee delivered his the day the contract was signed. There was nothing in the abstracts or record to show that the holders of the notes against the Castro county land had agreed to an extension of the time of payment of the notes from the 1st of November until the 10th, or until any time thereafter, and nothing to show that the entire $23,700 in notes against the land had not been declared due on the 10th of November, the day appellant claims to have tendered the corrected abstracts and deed. In view, however, of our holding that the material objections to appellant's title were never cured, it is not necessary for us to and we do not determine the time in which the titles were to be perfected.

Appellee's attorney pointed out what he claimed to be 13 material objections to appellant's titles, and he was the only attorney who testified with reference to whether the objections as made were material. He testified that 6 of his objections had been cured, but that none of the other 7, being objections 1, 2, 5, 8, 9, 11, and 13, all of which he testified were material, had been cured by the supplemental abstract which was tendered to him as attorney for appellee on November 9th. His objections Nos. 1 and 5 to the title, in substance, were that the independent executors under the will of J. A. Beith, deceased, had not qualified by taking the oath required of an independent executor, and that the order probating the will did not show that the presiding judge had signed same. The will, which was a foreign will and had been probated in England, was probated at a regular term of the county court of Castro county. It was agreed that the abstract did not show that the presiding judge had signed the order admitting the will to probate, and that the proceedings as abstracted did not show any bond or oath had been given or taken by the independent executors. Appellee's objection No. 2 was that it appeared from the abstract that the title came through T. R. Blades to C. T. Word, and there was nothing in the abstract to show whether the property was the homestead of T. R. Blades and his wife did not join in the deed. Objection No. 8 was that the deed from R. B. Masterson to E. C. Couch was not signed by Masterson's wife and there was nothing in the abstract to show that the land was not his homestead or to show that his wife was not living. His objections Nos. 9 and 11 were that the deeds from Masterson to Couch showed that on one section Masterson retained a lien to secure three notes for $2,696.55 each, and on the other section retained three notes for $2,731.70 each, all dated November 1, 1924, and one note due on each section in 1925, 1926, and 1927, and that there was nothing in the abstract to show that the notes were payable "on or before," as provided for in the contract. His objection No. 13 was that the patents to the two sections of land conveyed called for only 640 acres of land each, and that under the deed tendered and the terms of the contract appellant was to convey a total of 1319½ acres, a total excess of 39½ acres, and that in order for him to convey title it would be necessary for appellant to surrender his patents to the Commissioner of the Land Office and obtain new patents covering the additional land.

[3-8] Where a party seeks to enforce specific performance of a contract in the sale of real estate, it is necessary for him to tender performance thereof. A purchaser is not required to take a defective title nor one that does not conform to his contract of purchase. Cooper v. Singleton, 19 Tex. 260, 70 Am. Dec. 333; Baldridge v. Cook, 27 Tex. 565; Greer v. International Stockyards Co., 43 Tex. Civ. App. 370, 96 S. W. 79; Sweet v. Berry (Tex. Civ. App.) 236 S. W. 531. Without discussing or passing upon each separate objection as made by appellee's attorney to appellant's title, we think the objection that the notes were not payable "on or before," as required by the contract, was a material objection. Appellant claims that this objection was removed. Under the agreement which was obtained from Masterson, the holder of the notes, he agreed to accept payment of all or any number of said notes before their respective due dates, on condition that the payor first give him 30 days' notice by registered mail, addressed to him at Amarillo, of his desire to pay same, or by the payor paying 30 days' additional interest on the amount to be paid. Where a party purchases land with the agreement that the notes are to be paid "on or before," it is not a substantial compliance with the contract to make them payable on a fixed, definite date from one to

three years distant, or to have them payable after 30 days' written notice to the holder. We think also the objection that T. C. Blades' wife did not join him in the sale of the property, and that there was no showing that it was not homestead property, was a material objection. There are some expressions by the courts which tend to support the contention raised by appellee in his objections 1 and 5 that the independent executors, not having qualified by taking the oath required by law, were not authorized to execute deeds. Articles 3382 and 3385, Rev. Statutes; Coy v. Gaye (Tex. Civ. App.) 84 S. W. 441; Lane v. Miller & Vidor Lumber Co. (Tex. Civ. App.) 176 S. W. 100; Mason v. Rodriguez, 53 Tex. Civ. App. 445, 115 S. W. 868. While it is not necessary for us to and we do not pass on the question as to whether under any condition an independent executor who does not qualify as such has the power to execute deeds, we cannot say that it was not a material objection to the title.

The trial court having found that the objections made by appellee to appellant's titles which were not cured were material, and it appearing to us that at least some of said objections are material, and the jury having found that none of the objections were waived, and there being neither pleading nor proof that appellant failed or refused to correct any of said objections because of the statements made to his agent by appellee's attorney, appellant was not entitled to recover.

We have examined all of appellant's assignments of error and same are overruled. The judgment of the trial court is affirmed.