WHITE v. HILDERBRAND. (No. 2787.)

Court of Civil Appeals of Texas. Amarillo.
March 9, 1927.

**1. Landlord and tenant ⬤➡223(2)—Lessor, permitting diminution of water supply on grazing lands, could recover rental, less lessee's damage by breach and loss of use of land.**

Where existence of contract that lessee should pay taxes on lands leased for grazing purposes was admitted, lessor who breached contract by permitting diminution of water supply was entitled to recover amount of taxes, less damage suffered by lessee by reason of lessor's breach and diminution of consideration by lessee's being prevented from using lands for full term.

**2. Appeal and error ⬤➡932(1)—No presumption could be indulged to support judgment for lessee on cross-action for damages, where amount jury awarded was less than rent due.**

In action by lessor to recover consideration named in lease, existence of which was not denied, no presumption could be indulged to support judgment in lessee's favor that cause of action was defeated by damages to lessee through breach, where amount of damages found by jury was less than consideration of contract.

**3. Trial ⬤➡365(3)—In lessor's action for rental, court, having submitted issue of lessee's damages, was precluded from making finding thereon as further set-off.**

Where court submitted issue of lessee's damages to jury, it was precluded from making any finding upon question of damages as further set-off to lessor's cause of action against lessee for rentals.

**4. Appeal and error ⬤➡837(7)—Court cannot look beyond finding to support judgment, where verdict is on special issues alone.**

Where verdict is in response to special issues alone, court cannot look beyond finding to any fact apparent in record in aid of judgment.

**5. Landlord and tenant ⬤➡235—Where damages for lessor's breach found by jury were less than admitted rental, awarding judgment for lessee held error.**

In lessor's action for rentals, amount of which was undisputed, where jury awarded damages to lessee in smaller sum for lessor's breach, awarding judgment for lessee for amount of verdict *held* error; evidence not showing total failure of consideration.

Appeal from District Court, Archer County; H. R. Wilson, Judge.

Action by J. H. White against E. E. Hilderbrand, in which defendant interposed a cross-

action. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

E. C. De Montel and W. H. Sanford, both of Wichita Falls, for appellant.

Jno. R. Moore, of Archer City, for appellee.

RANDOLPH, J. Appellant, as plaintiff, sued appellee, as defendant, upon a contract entered into by the exchange of letters in July, 1924, whereby the plaintiff leased to the defendant certain lands in Archer county, Tex., for grazing purposes. The defendant, by the terms of said contract, agreed to pay the taxes on the land leased him by plaintiff for 1924, and to keep the fences in repair. Defendant failed and refused to pay the taxes, and plaintiff paid them and brought suit to recover the sum of $567.34 so paid by him.

Defendant filed his answer, consisting of general demurrer, general denial, and a special plea as follows:

"That, within a short time after the consummation of the lease contract involved in this suit was entered into by and between plaintiff and defendant, plaintiff authorized and permitted the water in the lakes herein referred to to be pumped out and used by oil well operators, and that, upon the discovery by defendant of these people pumping the water and using same from these lakes, he immediately approached such oil well operators with reference to same, and was told by them that they had been authorized by plaintiff to use the water, whereupon defendant so informed plaintiff, and that plaintiff failed and refused to stop said oil well operators using said water, and by such refusal then and there breached his contract with this defendant; that said plaintiff well knew that the defendant was to have the exclusive use of said water, according to the contract made with this defendant, but that, notwithstanding such agreement and knowledge, and knowing that such water was being pumped and used from said lakes to defendant's great damage continued to authorize and permit same to be done over the protest of defendant until said lakes were pumped dry, thereby causing defendant to receive no benefits whatsoever as contemplated in the contract and producing a complete failure of consideration."

Plaintiff in his supplemental petition, in addition to presenting a general denial, pleads that it was necessary to use water from the tanks in the operation of the oil well, and that defendant well knew that such water would be used for such purposes; that, at the time the plaintiff executed the lease to defendant, the said land was subject to a lease for oil and gas made December 2, 1919, by plaintiff to John F. Shipley, which was duly recorded, etc.

The case was submitted to a jury on special issues, and on the answers to said issues the trial court rendered judgment for the defendant for the sum of $84.

The appellant assigns as error the rendition of such judgment against him for the sum of $84, and denying appellant his right to recover his rental in the sum of $567.34 as provided for by the lease contract; the appellee being entitled at most to set off the $84 against such land.

The following were among the issues submitted to the jury:

"Issue No. 6. Did the defendant suffer any damage by reason of the taking of such water, if any, from the lands in question by other parties? Answer 'Yes' or 'No.' Answer. Yes.

"Issue No. 7. If you answer the preceding issue 'Yes,' state the amount of such damages, if any. Answer. $84."

Taking the evidence into consideration, we find that the contract was entered into about August 1, 1924, and was to terminate April 1, 1925. According to the appellee's evidence, he moved his cattle on the land in October or November, 1924, and took them off in January, 1925. Appellee, by his cross-action, does not seek to cancel or set aside the contract, but asks only for damages for the breach of an implied term of such contract in the sum of $1,584.

[1] The trial court, in submitting the issues to the jury, assumes the existence of the contract as pleaded and proved, and submits no issue calling in question the fact of such contract. Consequently, the appellant was entitled to recover the consideration named in such contract, less the amount of damage suffered by appellee by reason of the breach of same, and such diminution of the contractual consideration as defendant was entitled to by reason of being prevented from using the land for the full term.

[2, 3] No presumption can be indulged to support the judgment of the trial court that appellant's cause of action was defeated in whole by the damages occasioned the appellee by appellant's breach, for the jury found that appellee's damage was only $84, and, the court having submitted the issue of damages to the jury, was precluded from making any finding upon such question of damages as a further set-off to appellant's claim for rent. Swearingen v. Swearingen (Tex. Civ. App.) 193 S. W. 442; Four Brotherhood Oil Co. v. Kelley (Tex. Civ. App.) 235 S. W. 604.

[4] It is a settled rule of practice that, where the verdict is in response to special issues alone, the court cannot look beyond the finding to any fact apparent in the record in aid of the judgment. Ledyard v. Brown, 27 Tex. 393; Smith v. Warren, 60 Tex. 463; Galveston, H. & S. A. Ry. Co. v. Botts, 22 Tex. Civ. App. 609, 55 S. W. 514, 515.

[5] The evidence, without dispute, showing that the rental contract was for the consideration of $567.34, and that defendant's damage from plaintiff's breach of the contract was the sum of $84, and the evidence nowhere authorizing the trial court to conclude that there was a total failure of consideration named in the contract, we conclude that there was error.

The judgment of the trial court is accordingly reversed, and the cause remanded.